JOHN H. JENKINS, W. T. JENKINS, MARY J. MERCER, JAMES
K. JENKINS, REBECCA E. JENKINS, J. H. JENKINS. JR.,
JAMES R. JENKINS, v. IDA M. DANIEL, Execu-
trix of A. N. Daniel, J. G. Speight and
Wife, Sarah Speight.

(Decided November 7, 1899.)

*Mortgage of Wife's Land—Second Mortgage by Husband—
Surety—Collateral Security—Extension of Time—Pur-
chaser—Mortgagee.*

1. The extension of time, without the consent of tne surety, dis-
charges the surety, or the security given by a third party.

2. If a wife signs her husband's note as surety and unites with him
in the execution of a mortgage on her land to secure the debt,
any stipulated extension of time without her consent dis-
charges the lien on her land. The mortgagee would have
no right to sell, and the purchaser would acquire no title.

3. But where there is no agreement to extend the time on the note
secured by mortgage, and the husband gives a second mort-
gage to secure other indebtedness to the same mortgagee, and
as additional security for the note, the second mortgage will
merely operate as collateral security, and will not be con-
strued as a stipulation for extension of time.

4. A sale under the first mortgage to pay off any balance due on the
note passes a good title to the purchaser in fee, clear of any
claim for rent or waste.

5. As between the mortgagors and mortgagee, the latter is liable to
account for the price the land sold for and for the property
contained in the second mortgage, and whatever is found to
be due, if any, will inure to the benefit of the wife's heirs—to
value of the land.

CIVIL ACTION heard before *Robinson, J.,* upon exceptions
to report of referee filed by defendants, at November Term,
1898, of the Superior Court of GREENE County.

The plaintiff John H. Jenkins on the 10th August, 1888,
125——11

JENKINS v. DANIELS.

along with his wife, Mary F. Jenkins, since dead, executed a mortgage deed on the wife's land to secure a note for $150 signed by them both for a debt of the husband payable on 1st January, 1890, to A. N. Daniel, testator of defendant Ida. M. Daniel.

On 12th February, 1890, the said John H. Jenkins executed a chattel mortgage to said A. N. Daniel to secure certain claims therein mentioned, and as additional security to the note secured in the first mortgage, and if the debts secured were not paid by November 15, 1890, the property to be sold and proceeds applied to the discharge of debts secured. Mary F. Jenkins, wife of said John H. Jenkins, died July 21, 1891, and the other plaintiffs are their children.

A. N. Daniel, mortgagee, exposed the land to sale in 1893, to pay off a balance due of $200 on the note and mortgage, and the defendant Sarah Speight became the purchaser at price of $320, and took a deed for the land.

A. N. Daniel has since died, leaving a last will and testament, in which defendant Ida M. Daniel was named executrix.

The object of this action is to set aside this sale, and for an account for rents, etc., on the ground that it was invalid, and that the purchaser acquired no title; that there was nothing due, sale improperly conducted, extension of time allowed without consent of Mrs. Jenkins, etc. There was a reference under The Code to Hon. James E. Shepherd, as referee, whose report was in all things confirmed by his Honor.

*Finding of Fact.*

1. That the land mentioned in the mortgage of the 10th of August, 1888, the same under which the sale in question was made, was the separate property of Mary F. Jenkins, the *feme* grantor therein, and that the indebtedness secured therein was the indebtedness of her husband, J. H. Jenkins, the other grantor therein.

2. That this latter fact, that is, that the said indebtedness was the husband's, does not appear from the face of the said mortgage; nor is there any evidence that Mrs. Speight, who purchased the land under the power contained in the said mortgage, had any notice, actual or constructive, thereof.

3. That at the time of the sale, under the power contained in the said mortgage, the mortgage debt due A. N. Daniel was about two hundred dollars. This the referee finds from the pleadings. (See paragraph 7 of the complaint.)

4. That Mrs. Jenkins died in 1891, having had issue by her said husband, and such issue are plaintiff herein.

5. The sale was made on the premises according to advertisement; that is to say, it was made in the public road in front of the gate of the residence of the said Jenkins, which residence was on the land of Jenkins, lying on the road opposite that sold and being within a short distance from said sale—not over a quarter of a mile. The sale appears to have been well known in the neighborhood, and there were eight or more persons present, three of whom were bidders. The sale was conducted fairly, and the said Jenkins was present, heard the bidding and made no objections in any respect.

6. After considering all of the testimony the referee finds that the price at which the land sold was fair and reasonable, and he is further of the opinion that if the same had been sold at the court-house in Snow Hill, the county seat, a larger price would not have been obtained.

*Conclusions of Law.*

1. That in no aspect of the case is the plaintiff J. H. Jenkins entitled to any relief either in respect to the sale or to the rents. He was, as tenant by the courtesy, entitled to the possession of the land for his life, and his conduct at the sale estops him from making any claim against the defendants.

2. That the sale, having been fairly conducted, and the price reasonable, the other plaintiffs are not entitled to equitable relief.

3. No demurrer having been interposed as to the misjoinder of causes of action, the referee is of the opinion that the true amount of the said mortgage debt be ascertained, and if the said purchase money was in excess of the indebtedness, that the plaintiff should recover such excess of the estate of said Daniel.

4. That as to plaintiff's contention, that the mortgage debt was by operation of law discharged or the remedy suspended by reason of the taking of the crop lien of 1890 (see Exhibit "A"), the only evidence before the referee is the said crop lien, and that of 22nd February, 1888. (Exhibit "B.")

*a.* It is admitted by the pleadings that at least two hundred dollars was actually due on said mortgage at the date of the sale, and the referee can not find from the face of the said papers that the mortgage was by the operation of the law discharged by the taking of the crop lien of 1890 and the concellation of the same.

*b.* That if all the debts secured in the mortgage were included in the crop lien of 1890 (and this is to be determined by inspection of the mortgage and liens, there being no other evidence as to this), the referee can not, upon the mere face of the paper, hold there was such a contract of forbearance as would discharge the surety of the wife. He is of the opinion that such lien as to the purchaser had only the effect of additional security.

*c.* That upon the whole case the referee is of the opinion that the said mortgage, upon which there was at the time of the sale an admitted actual indebtedness of $200, was not discharged by operation of law, and that as no proceedings were taken to arrest said sale and to the alleged equitable

claims of Mrs. Jenkins or her heirs, and as there is no evidence that the purchaser, Mrs. Speight, had any notice of such alleged equitable claims, and especially of the fact that the debt secured by the mortgage was not a joint one, as appears from the face thereof, and inasmuch as the sale was fair and the price reasonable, the referee is of the opinion that the legal title acquired by her should not be disturbed, and especially should this be so in view of the insolvency of the parties rendering it impossible to place her in *statu quo*.

In considering this branch of the case the Court has excluded the letter of Daniel addressed to the Register of Deeds.

The indorsement on Exhibit "B" by Daniel was a part of said exhibit, and the paper was put in evidence by the plaintiff without reservation, but in the view the referee has taken it is considered by him immaterial.

1. The undersigned respectfully recommends that judgment be entered that the plaintiffs are entitled to no relief against Mrs. Speight.

2. That the difference between the purchase money and the mortgage debt be ascertained and that judgment be entered for the same in favor of the plaintiffs and against Ida Daniel, executrix of A. N. Daniel.

3. That the defendants Speight recover their costs.

　　　　　　　　　JAMES E. SHEPHERD, *Referee.*

The exceptions of the plaintiffs which were overruled sufficiently appear in the opinion.

Judgment in favor of defendants.　Appeal by plaintiffs.

*Mr. Geo. M. Lindsay,* for appellants.
*Mr. H. G. Connor,* for appellees.

FURCHES, J.　On the 10th of August, 1888, the plaintiff John H. Jenkins borrowed of A. N. Daniel, the testator of

the defendant Ida Daniel, the sum of $150, for which the said J. H. Jenkins and his wife, Mary F., executed their note to the said A. N. Daniel, due the 1st day of January, 1890; that at the same time they made and executed a mortgage to the said Daniel upon the land in controversy to secure the payment of said note and some other indebtedness; that the land so conveyed in said mortgage belonged to the *feme,* Mary F., then the wife of the said John H. Jenkins; that on the 12th day of February, 1890, the said John H. Jenkins executed a chattel mortgage and crop lien to said A. N. Daniel, in which it is stated to be "in consideration of $12, and one note due Bynum & Daniel, and one due A. N. Daniel, as described in the mortgage of February 22nd, and August 10, 1888......, and the further sum of $150, to be advanced from time to time during the year as needed,"......conveying the following property, 1 mule, 2 iron axle casts, 3 head of cattle, 1 sow and pigs, all farming implements, 1 bay mare about eleven years old, and all other personal property of every description, not herein mentioned or described, also a lien on all crops, etc."

"And if by the 15th day of November, 1890, the aforesaid indebtedness has not be discharged by the proceeds of the sale of said crops or otherwise, then the party of the second part is authorized to take possession of said property and sell the same, or so much thereof as will satisfy the amount then remaining due, and all costs and expenses in any way incurred by said seizure and sale.

"But if said indebtedness shall be paid off and discharged by the 15th day of November, 1890, then this conveyance to be null and void."

On the 4th day of July, 1891, the wife, Mary F., died, leaving her husband, J. H. Jenkins, and the infant plaintiff, her surviving; and in February, 1892, the mortgagee sold the

land at public auction on the premises, when the defendant Mrs. Sarah Speight, wife of the defendant J. Y. Speight, became the purchaser at the price of $320, and has paid the purchase money, and the mortgagee made her a deed therefor. The plaintiff J. H. Jenkins was present at the sale and made no objection thereto. All the children and heirs at law of Mary F. Jenkins were then, and seem to be still, minors under 21 years of age, and sue by their guardian, J. H. Jenkins. The mortgagee, A. N. Daniel, before the date of said sale, to-wit, on the 1st day of April, 1891, caused to be cancelled all the mortgages he had against the plaintiff J. H. Jenkins, except that of the 10th of August, 1888, under which the sale was made, and the defendant Speight bought.

The plaintiffs admit in their complaint that there was about two hundred dollars due on the note of the 10th of August, 1888, at the date of the sale. But they allege that, as no place was named in the power of sale contained in the mortgage, the sale should have been made at the court-house in Greene County; that on account of the sale not having been so made, the land sold for much less than its value; that defendant Speight has been in possession of the land ever since the sale, receiving the rents and profits, and has damaged the land by tearing away the fences, and has cut and sold a quantity of timber off the land, which, when taken together, amount to more than the balance due on the note of $150, which should be applied to its discharge. The plaintiff further contends that the discharge of the other mortgages in which the $150 was secured was a discharge of the debt and lien upon the land of the wife, Mary F. Jenkins, and mother of the other plaintiffs, and they contend on the argument here that the mortgage of February, 1890, extended the time for enforcing the mortgage of the 10th of August, 1888, and that the mortgage security was thereby

discharged; that the mortgage only conveyed a life estate in the land.

Of these many contentions of the plaintiffs, there is but one about which it seems there should be any doubt, and that is the extension of time caused by the mortgage of February, 1890.

It is admitted by the plaintiff that there was about two hundred dollars due on the note of $150, at the date of the sale; and this being so, it authorized the sale. *Jordan v. Farthing,* 117 N. C., 181, where it is held that if one dollar is due it authorized the sale. This was said in a case where there was no claim that the lien of the mortgage had been discharged, and that contention is the serious element that enters into this case. The debt secured was that of the husband, and the land mortgaged as security was that of the wife, and was only security for the husband's debt. *Sherrard v. Dixon,* 120 N. C., 60.

The extension of time without the consent of the surety discharges the surety, or the security given by a third party. *Bank v. Summey,* 119 N. C., 591; *Sutton v. Walters,* 118 N. C., 495.

This presents the question whether the mortgage of February, 1890, extended the time of payment of the note of the 10th of August, 1888, secured in both mortgages. If it does, it was a discharge of the lien of the mortgage of the wife on her land. The mortgagee would have no right to sell under the same, and the defendant Speight would acquire no title by reason of said sale and her purchase.

It is held in *Harshaw v. McKesson,* 65 N. C., 688, that time for the payment of the debt secured by the mortgage, in that case, was extended. But in that case the time was extended by the express terms of the mortgage; the mortgage was given to secure a debt then past due and unsecured,

and the Court held that the time agreed to be given was the only consideration for giving the mortgage.

It is also held in *Kane v. Cartesy,* 100 N. Y., 132, that giving a second mortgage, securing a debt secured by a former mortgage, in which the time stated for the foreclosure of the second mortgage was at a later date than that fixed in the former mortgage, was an extension of time of payment, and discharged the lien of the first mortgage.

This case, it must be admitted, is very much like the one under consideration.

While, on the other hand, it is distinctly held not to be an extension of time in *Emes v. Weddowson,* 19 Eng. C. L. Rep., 316, (C. & P., 151), in a case very much like the one now under consideration, where it is said "that an assignment of property for the purpose of securing debts due and to be due, with a power of sale upon giving 6 months notice, is only a collateral security, and, without a special clause to that effect, does not suspend the remedy by action against the debtor."

The same doctrine is held to be the law in 2 Brandt on Sureties and Guarantees, sec. 367, to-wit: "It has been repeatedly held that the mere fact that the creditor takes from the principal a mortgage or trust deed of property as collateral security for the debt, does not of itself, in the absence of an agreement to that effect, extend the time or discharge the surety."

In *Meguiar v. Groves,* 1 Fed. Rep. 279, it is said: "The giving of a chattel mortgage to secure a pre-existing debt will not discharge sureties of the debtor, unless the mortgage on its face purports to extend the time of payment of the debt."

Where a mortgage is given by the principal debtor to secure other indebtednes, and a former debt is included in such mortgage, which already has security, and the time of foreclosure of said mortgage is at a later date than the matur-

ity of the doubly-secured debt, this mortgage will be held to be only collateral security to the doubly-secured debt, and not an extension of time, unless it be agreed as a consideration that the time for the enforcement of the doubly-secured debt should be extended, and that such second mortgage did not discharge the original security.   Brandt, *supra.*

The case of *Harshaw v. McKesson, supra,* is distinguishable from this case and can not control our opinion here.   In that case there was an express agreement for an extension of time, which was the only consideration for the mortgage. That is not so in this case.   Here, the second mortgage is given to secure other indebtedness, and for the purpose of obtaining future advances to make a crop.   There is no contract or stipulation or agreement to extend time on the note for which the former mortgage was given, and we can not, by construction, give it that meaning and effect.

It seems to us that this second mortgage was or might have been a benefit to the first security, as it became an additional security for the debt, furnished by the principal debtor, which the original security could have compelled the trustee mortgagee to exhaust before the first mortgage would be liable.   But this was a matter between the first security and the mortgagee, and does not extend to the purchaser at the mortgage sale, as it is admitted that there was a considerable balance due on the first mortgage debt at the time of the sale.

The mortgage conveyed the fee simple estate under sec. 1280 of The Code.

We do not think the other grounds urged by plaintiff invalidate the sale.   It is found by the referee to have been open and fair, and that the plaintiff J. H. Jenkins was present and did not object; that the land brought a fair price, and according to the evidence (in the opinion of the intelligent referee) as much as it would have brought if sold at the court-house

of Greene County, which was a considerable distance from the land; and that there was no place specified as to where the sale should take place.

The sale being valid, it conveyed the title to the land to the purchaser, Speight, free of any trust relations between her and the mortgagors, and she is not liable to account for rents and profits, or for waste.

But as between the mortgagors and mortgagee, between whom the trust relations existed, the mortgagee is liable to account to the mortgagors for the price the land sold for, and also for the property conveyed in the second mortgage; and whatever is found to be due, if anything, will inure to the benefit of the infant plaintiffs to the value of the land. And the defendant Ida Daniel being the representative of the trustee, it will devolve upon her to account for these funds. *Hall v. Lewis,* 118 N. C., 517; *McLeod v. Bullard,* 84 N. C., 515.

It was suggested by defendant on the argument that in any event J. H. Jenkins had conveyed his interest, which according to plaintiffs' contention was a life estate (tenant by the courtesy), and that plaintiff could not recover on that account, as that estate had not terminated. However this may be (and we do not decide it), we have preferred to put our judgment upon the merits of the case as affecting the rights of the parties. That the judgment of the court below be affirmed as to the defendants Speight and wife. But if the plaintiffs are so advised, the case should be continued as to the defendant Daniel that the matters may be inquired of, as indicated in this opinion.

Modified and affirmed.