A. M. ANDERSON, as Receiver of the First National Bank of Lakeland, Florida, *Appellant,* v. H. A. TRUEMAN and MINNIE L. TRUEMAN, his wife, L. L. KIRKPATRICK and CHARLOTTE KIRKPATRICK, his wife, *Appellees.*

En Banc.

Opinion filed September 4, 1930.

Petition for rehearing denied September 30, 1930.

728

*Judson & Bentley*, for Appellant;

*Summerlin & Wimberly*, for Appellees.

TERRELL, C. J.—This cause grew out of the following transaction: In September, 1927, H. A. Trueman and Minnie L. Trueman, his wife, and L. L. Kirkpatrick and Charlotte Kirkpatrick, his wife, executed their joint mortgage to the First National Bank of Lakeland, Florida, describing certain land in Polk County. The said mortgage was given to secure a promissory note of the same date made in favor of the mortgagee for the sum of twenty-two thousand five hundred dollars, signed by H. A. Trueman and L. L. Kirkpatrick and payable one year after date.

When the note matured the mortgagors were not in position to pay, so with the consent of the mortgagee it was renewed for a period of ninety days on consideration

of the payment of interest. On the second maturity date the mortgagors were still unable to pay and a like indulgence was granted. Other indulgences were granted but in the meantime, the mortgagee, First National Bank of Lakeland, suspended business and A. M. Anderson was appointed as its receiver under the laws of the United States. In November, 1929, as such receiver, A. M. Anderson brought his suit in chancery to foreclose the mortgage as above described, the said note attached thereto and secured thereby being past due, all indulgencies having expired, and no part of the principal thereof having been paid. On motion of appellant, a receiver was appointed to take charge of and manage the mortgaged premises. In December, 1929, a demurrer to the bill of complaint was sustained and the receiver was discharged. Appeal was taken from both said orders.

If the order sustaining the demurrer was correct then the discharge of the receiver followed as of right and no error was committed in that order. In this situation it only becomes necessary for us to adjudicate the correctness of the order sustaining the demurrer.

The decisive question raised by the demurrer and brought here for our adjudication is whether or not the repeated indulgencies granted on the payment of the original note without the approval of Mrs. Trueman and Mrs. Kirkpatrick had the effect of discharging the mortgage and releasing the lands described therein as surety for the payment of the said note.

Appellant contends that the question of suretyship is not involved, that the mortgage was made to secure the payment of a debt of which the note was the mere evidence and that any change in the form of the evidence of the debt does not have the effect of discharging the mortgage. The Appellees on the other hand contend that the

lands described in the mortgage being held by them by the entireties, was in the same status as other married women's property in this state, that it was pledged by them as surety for the payment of the debt and that the indulgencies granted not having been approved by Mrs. Trueman and Mrs. Kirkpatrick were in effect a release and discharge of the sureties and the mortgaged premises. The chancellor below appears to have taken the view as contended for by Appellees.

A surety is one bound with his principal for the paymen of a sum of money or for the performance of some duty or promise and who is entitled to be indemnified by someone who ought to have paid or performed if payment or performance be enforced against him. It differs from guaranty in that the latter is the maker's own separate contract, guaranteeing performance.

The law is well settled in this country that an extension of time or the material alterations in the terms of payment of a promissory note without the approval of the surety discharges him and the security given. Frank v. Williams 36 Fla. 136, 18 So. R. 351, Slottow v. Hull Investment Co. decided at this term; Jenkins v. Daniel 125 N. C. 161, 34 So. E. R. 239 74 Am. St. R. 632, Commercial Savings Bank of Carroll v. Dunning et al. 202 Ia. 478, 210 N. W. R. 599, 59 A. L. R. 983, Note 988. Citing many cases. Thompson on Real Property, Sections 4445 and 4446, pages 563 and 566.

In the case at bar, we have a mortgage executed by all the Appellees to which was attached a note signed by H. A. Trueman and L. L. Kirkpatrick, each renewal note being signed or endorsed in the same manner. The said mortgage among others contained the following stipulation:

"PROVIDED ALWAYS, that if the said mortgagors, their heirs, legal representatives, or assigns,

shall pay to the mortgagee, its successors, legal representatives, (etc.), a certain promissory note, a copy of which is on the reverse side hereof, and shall perform and comply with each and every stipulation, agreement, and covenant of said note and of this mortgage, then this mortgage and the estate hereby created shall be void, otherwise the same shall remain in full force and virtue."

The note attached to the mortgage and the subsequent renewals thereof contained the following stipulation binding all parties to the mortgage:

"We and each of us consent that the amount of this note or any part hereof may be extended without further notice."

From an examination of the record we cannot escape the conclusion that the mortgage secured the payment of a debt of twenty-two thousand, five hundred dollars of which the note was the mere evidence; that the original note attached to the mortgage a portion of which is here quoted authorized the renewal of all or any part thereof without notice and that all subsequent extensions were nothing more than renewal notes to evidence the secured indebtedness. They effected no change in the form, amount or material substance of the indebtedness and were authorized by the terms of the note which was by apt words made a part of the mortgage. Under such circumstances the rule as to discharge of sureties has no application but the mortgage remains a lien until the debt it was given to secure is satisfied and is not affected by a change of the note or by giving a different note as evidence of the debt unless there be an express agreement to the contrary. Cheves v. First Nat. Bank of Gainesville 79 Fla. 34, 83 So.

R. 870, Thompson on Real Property, Section 4710, 21 R. C. L. 70 and 75.

It is also contended by Appellees that the lands described in the mortgage being held by them by the entireties was in like legal status as any other separate property of a married woman and since as to them it was a mere surety for the debt of the husbands it is now released by reason of the rule announced herein as to discharge of sureties.

We do not think this contention can be sustained. An estate by the entireties is of common law origin and is not a part of the "separate property" of a married woman as referred to in article eleven of the Constitution and the married woman's property acts of this State. Allardice v. Weatherlow 98 Fla. 475, 124 So. R. 38, 13 R. C. L. 1101. An estate by the entireties is vested in husband and wife as one person, both take an undivided share, neither spouse can sell, forfeit or encumber any part of the estate without the consent of the other. On the death of either spouse the entire estate goes to the survivor, it cannot ordinarily be partitioned during their joint lives, it cannot be severed by the act of either but it may be sold or mortgaged by properly executed instrument joined in by both husband and wife, the wife's contract alone to pledge it being utterly worthless. English v. English 66 Fla. 427, 63 So. R. 822, 13 R. C. L. 1131.

It is our opinion that the mortgage was in such form as to secure the payment of a debt of which the note described herein was the evidence; that it was properly executed for that purpose and that subsequent renewals in this case did not release the lien of the mortgage under the rule as to release of sureties here stated. It follows that the decree of the chancellor must be and is hereby reversed.

Reversed.

WHITFIELD, STRUM and BUFORD, J. J., concur.