WILLIAM F. NEWMAN, *et ux.,* v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES.

160 So. 745.

Division A.

Opinion Filed April 4, 1935.

*Marion B. Jennings,* for Appellants;

*Knight, Adair, Cooper & Osborne, H. D. Osborne* and *John M. McNatt,* for Appellee.

WHITFIELD, C. J.—This appeal is from an order denying a motion to dismiss a bill of complaint brought by the assurance company to enforce the lien of a mortgage given by husband and wife upon described real estate of which property it is alleged the husband and wife "were then and there seized and possessed." The mortgage instrument covenants "that said mortgagors are indefeasibly seized of said lands in fee simple."

The grounds of the motion to dismiss are that the mortgage is a nullity and that it is void.

The contentions for appellants are that at common law a conveyance of real estate held by the entireties could not be made by livery of seizin and that the Florida statute of uses makes deeds of conveyance operative to pass title to land only when livery of seizin could be made; and the statutes of this State do not authorize estates by entireties to be conveyed by deeds executed by the husband and wife, even though such execution by the wife is acknowledged by her before an officer separate and apart from her husband, as provided by Section 5676 (3803) C. G. L.; that the statutory command that "conveyance by fine or by common delivery shall never be used in this State," Section 5667 (3793) C. G. L., merely suspends the use of such procedure *in cases where the statutory acknowledgment* before an officer by a married woman, separately and apart from her husband, that she executed a deed or mortgage freely and voluntarily, etc., is made a substitute for the common law procedure of fine and recovery; and that no statute makes such a substitute aplicable to conveyance of estates held by the entireties.

By statute the common law of England, except as it may be inconsistent with the Constitution and laws of the

United States and of the State of Florida, is in force in this State. Acts Nov. 6, 1829; Sec. 87 (71) C. G. L.

By the common law the husband's real estate was under his control and could be conveyed by him by livery of seizin, subject to the wife's dower rights. Unless otherwise provided by the muniments of title, the wife's real estate was subject to the husband's possesion and control.

Under the common law of England, lands in fee simple ownership were usually transferred by feoffment with livery of seizin, as by a competent feoffer or owner taking a turf or twig from the land and delivering it "to the feoffee, in name of seizin of the land."

The wife could not convey her lands by livery of seizin even if her husband joined with her, because the husband had possession and control of the wife's lands and because at common law the husband and wife were regarded as one person, and she was under his influence, therefore not competent to dispose of her real estate or of her dower interest in the husband's land. By a collusive judicial suit in fine or common recovery brought against the husband and the wife by a proposed grantee, in which the wife was by some court officer questioned apart from her husband to ascertain if she freely consented to the disposition of her lands or of her dower rights in her husband's lands, her title or right was passed by adjudication to the grantee who thereby took the title and right of both husband and wife. See Scott v. Fairlie, 81 Fla. 438, 89 So. 128; Christy v. Burch, 25 Fla. 942, brief 964, 2 So. 258; 30 C. J. 755. 2 Minor's Institutes 470, *et seq.,* 2 Thompson on Real Property, Sec. 1735, *et seq.;* 2 Cooley's Blackstone 182, 335; 2 Kent's Commentaries 151; Coke on Littleton 326a; 30 C. J. 755.

Where husband and wife during coverture acquire in their joint names the ownership of land, it is an estate by the

entireties unless otherwise stated in the acquisition. The husband and wife hold such an estate *per tout, et non per mie,* each having an indivisible interest in the whole; and not *per mie et per tout* as joint tenants or tenants in common where each has an undivided severable interest. Each spouse owns the entire property as one estate, the survivor retaining the entire estate relieved of the interest therein had by the deceased spouse. English v. English, 66 Fla. 427, 63 So. 822; Ohio Butterine Co. v. Hargrave, 79 Fla. 458, 84 So. 376.

By the common law the husband could not convey an estate by the entireties except subject to the wife's indivisible right to the entire ·estate, should she survive the husband. If the husband conveyed an estate and he survived his wife, her rights ceased, and his conveyance estopped him. Under the Florida law an estate by the entireties can be conveyed only by deed duly executed by husband and wife which includes a separate acknowledgment by the wife as required by Section 5676 (3803) C. G. L.

At common law estates by the entireties could not be conveyed by livery of seizin by the husband because of the wife's indivisible interest in such estate and because of the legal fiction of her unity with her husband and his constraint over her. Such estates as well as dower and other interests the wife had in lands were conveyed by means of collusive suits known as fine and common recovery referred to above.

By an Act of the Territorial Legislative Council, approved November 15, 1828, it was enacted that:

"No estate of freehold * * * in * * * any * * * lands * * * shall be created, made, granted, transferred or released in any other manner than by deed in writing, signed, sealed and delivered in the presence of at least two subscribing witnesses." Sec. 5660 (3787) C. G. L.

"By deed of bargain and sale, or by deed of lease and release, or of covenant to stand seized to the use of any other person, or by deed operating by way of covenant to stand seized to the use of another person, of or in any lands or tenements in this State, the possession of the bargainer, releasor or covenantor shall be deemed and adjudged to be transferred to the bargainee, releasee or person entitled to the use as perfectly as if such bargainee, releasee or person entitled to the use had been enfeoffed by livery of seizin of the land conveyed by such deed of bargain and sale, release or covenant to stand seized; Provided, that livery of seizin can be lawfully made of the lands or tenements at the time of the execution of the said deeds or any of them." Sec. 5668 (3795) C. G. L.

"Any married woman having a right of dower in any real property may relinquish it by joining in the conveyance or mortgage of such real property, or by a separate deed executed in like manner as other conveyances." Sec. 5675 (3802) C. G. L.

By an Act of February 4, 1835, it was enacted that:

"Conveyance by fine or by common recovery shall never be used in this State." Sec. 5667 (3794) C. G. L.

"Any married woman owning real property may sell, convey or mortgage it as she might do if she were not married, provided her husband join in such sale, conveyance or mortgage." Sec. 5674 (3801 C. G. L.

"To render such sale, conveyance, mortgage or relinquishment, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her

husband, and the officer's certificate shall set forth all the foregoing requirements." Sec. 5676 (3803) C. G. L. See also Sec. 5689 (3816), *et seq.*, C. G. L.

Chapter 4038, Acts of 1891, prescribes a form of deed of conveyance of land by which it is covenanted that the grantor "has granted, bargained and sold" described land; and enacts that

"A deed executed in the foregoing form shall be held to be a warranty deed with full common law covenants, and shall just as effectually bind the grantor, and his heirs, as if said covenants were specifically set out therein. And this form of deed when signed by a married woman shall be held to convey whatever interest in the property conveyed which she may possess.

"Such deeds shall be executed and acknowledged as is now or may hereafter be provided by the law regulating conveyances of realty by deed." Secs. 5662 (3789), 5663 (3790), 5661 (3788) C. G. L.

The Constitution of 1885 provides that:

"All property, real and personal, of a wife owned by her before marriage, or lawfully acquired afterward by gift, devise, bequest, descent, or purchase, shall be her separate property, and the same shall not be liable for the debts of her husband without her consent given by some instrument in writing executed according to the law respecting conveyances by married women." Sec. 1, Art. XI; Sec. 26, Art. IV, Constitution of 1868. Acts No. IX, March 6, 1845; Chap. 150, McClellan's Digest, p. 754.

The Constitution defines homestead exemptions in real and personal property owned by the head of a family resid-ing in this State, and provides that: "The real estate shall not be alienable without the joint consent of husband and wife, when that relation exists," and that "Nothing in this

Article shall be construed to prevent the holder of a homestead from alienating his or her homestead so exempted by deed or mortgage duly executed by himself or herself, and by husband and wife, if such relation exists." Secs. 1 and 4, Art. X.

During the joint lives of husband and wife, the real estate held by the entireties may not be levied upon for the debts of one spouse, and may not be conveyed or encumbered by one spouse, since husband and wife each has an indivisible interest in such an estate; but such estate by the entireties may be conveyed or mortgaged by them jointly as may be provided by controlling law. See Anderson v. Trueman, 100 Fla. 727, 130 So. 12.

An estate by the entireties is held by the husband and wife as one estate, therefore such estate is not the separate property of a married woman; nor is it the property of the husband; but the *interest* or property rights which a married woman has in an estate by the entireties held by her and her husband during his life, *is her separate property,* under the comprehensive provisions of Section 1, Article XI of the Constitution; and the interest the husband has in such an estate in his property.

The husband and wife together, owning the entire interest or property rights in an estate by the entireties, may convey or mortgage such estate by the entireties in the manner stated in Section 1, Article XI of the Constitution and in Sections 5661 (3788), 5662 (3789), 5663 (3790), 5674 (3801), *et seq.,* C. G. L.

When a married woman signs a deed in the form prescribed in Section 5661 (3788), such "married woman shall be held to convey whatever interest in the property conveyed which she may possess." Sec. 5662 (3789) C. G. L.

Under the statute of uses, Section 5668 (3795) C. G. L., a deed may operate to convey title to land, "provided, the livery of seizin can be lawfully made of the lands or tenements at the time of the execution of the" deed.

Such statutory provisons for married women's acknowledgments have been judicially held to be substitutes for the common law fine and recovery in all conveyances of real estate by the entireties. Dzialynski v. Bank of Jacksonville, 23 Fla. 347, 2 So. 696; Ocklawaha River Farms Co. v. Young, 73 Fla. 159, 74 So. 644; Anderson v. Trueman, 100 Fla. 727, 130 So. 12; Jones v. Griffin, 103 Fla. 745, 138 So. 38; Oates v. New York Life Ins. Co., decided at this term.

The allegation that the mortgagors, husband and wife, were "seized and possessed" of the mortgaged lands when the mortgage instrument was executed, is admitted by the motion to dismiss; and if because livery of seizin of the lands held by the entireties could not be made and a deed conveying the land could not operate under the statutes of uses above referred to, upon a deed as required by Section 5660 (3787) C. G. L., yet a conveyance of the estate by the entireties can be made by deed duly executed by husband and wife under Sections 5661 (3788), 5662 (3789), 5663 (3790) C. G. L., which sections are in the nature of a statute of grants, dispensing with livery of seizin and making conveyances by married women effective by deed when duly executed by husband and wife acknowledged as required by Sections 5674 (3801), 5676 (3803), 5686 (5813) C. G. L.

The execution and acknowledgment of the mortgage appears as follows:

"In Witness Whereof, the said parties of the first part have hereunto set their hands and seals this 24th day of May, 1929.

"William F. Newman (Seal)
"Minnie Louise Newman (Seal)

"Signed, sealed and delivered in presence of

"W. H. McCoy.
"Frank S. Kurka.

"State of Florida,
"County of Duval. ss

"I, a Notary Public of the State of Florida at large, an officer authorized to take acknowledgment of deeds, do hereby certify that W. F. Newman, also known as William F. Newman, and Minnie Louise Newman, personally known to me to be the individuals described in, and who executed the foregoing mortgage deed, this day personally appeared before me and acknowledged before me that their executed said mortgage deed for the purposes therein mentioned.

"And I further certify that the said Minnie Louise Newman, personally known to me to be the wife of said W. F. Newman, also known as William F. Newman, named in said mortgage deed, and one of the grantors therein, did this day personally appear before me, and on a private and separate examination this day taken before me, separately and apart from her said husband, did acknowledge that she made herself a party to, and executed, said mortgage deed for all the purposes in said mortgage deed mentioned, and that she executed the same freely and voluntarily and without any compulsion, constraint, apprehension or fear of or from her said husband.

"IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal, in the County of Duval and State of Florida this the 24th day of May, A. D. 1929.

"FRANK S. KURKA.

"(Notary Seal)"

"Notary Public, State of Florida at Large My Commission expires May 3, 1933."

The statutory command that "conveyances by fine or by common recovery shall never be used in this State" is absolute and controlling. Sec. 5667 (3794) C. G. L. The statutes also provide that estates in lands shall be granted or transferred by deed; that a married woman may convey or mortgage her property as though she were not married provided her husband join in such conveyance or mortgage; that when a prescribed form of deed is signed by a married woman it shall be held to convey whatever interest she may possess in the property, provided such deed shall be executed and acknowledged as may be provided by the law regulating conveyances by deed; and that "to render such conveyance or mortgage, whether of separate estate or of dower, effectual to pass a married woman's estate or right, she must acknowledge, before some officer authorized to take acknowledgment of deeds, separately and apart from her husband, that she executed the same freely and voluntarily and without compulsion, constraint, apprehension or fear of or from her husband, and the officer's certificate shall set forth all the foregoing requirements."

The words "separate estate" and "estate or right" as used in the last quoted provision as to the acknowledgment of the married woman, are intended to embrace the separate property as well as the separate estate or any other interest the married woman may have in the land conveyed; and

the procedure relates to mortgage instruments as well as to conveyances.

The procedure as prescribed for an acknowledgment before an officer, separately and apart from her husband by a married woman that she freely executed the deed or mortgage, when duly complied with, has been adjudged to be a statutory substitute for the common law procedure of fine and common recovery used at common law for conveyances by married women of their interest in real estate; and that such statutory procedure duly complied with is sufficient in mortgages and conveyances of real estate in which a married woman may have an interest of any nature.

The execution of the mortgage in this case substantially and sufficiently complies with the statutes regulating the execution of conveyance and mortgages of real estate by husband and wife; and it is sufficient to create a mortgage of an estate by the entireties.

It is not necessary for the officer's certificate of acknowledgment of execution by the wife, to state that the acknowledgment relates to, or that the instrument covers, an estate by the entireties. The statutory forms of procedure duly taken by husband and wife are effective to convey or mortgage an estate by the entireties. See N. Y. Life Ins. Co. v. Oates, decided at this term. See also Forssell v. Carter, 65 Fla. 512, 62 So. 926.

The note secured by the mortgage is the joint and several note of the husband and wife. Whatever may be the legal effect of the wife's signature on the note, it does not affect the mortgage which was sufficiently executed by husband and wife to make the property liable for the payment of the note, whether the note is for the husband's debt or for the wife's debt, or both, and whether the land is held by the entireties or otherwise as the property of the husband and

wife, the husband and wife being "seized and possessed" of the property, and no question of fraud or duress being involved. The mortgage instrument is executed and acknowledged as required by the statutes of the State for mortgages of estates held by the entireties.

In Hodges v. Price, 18 Fla. 342, the mortgage was to secure a void note of the wife. See Blood v. Hunt, 97 Fla. 551, 121 So. 886; Sec. 5686 (3813) C. G. L.; Dzialynski v. Bank of Jacksonville, 23 Fla. 346, 2 So. 696.

Affirmed.

BROWN and DAVIS, J. J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.