TILLMAN PEARSON, Judge.
This is an appeal from a final decree for the defendants in a suit to foreclose a mortgage. The decree was entered upon defendants’ motion to dismiss the complaint for failure to state a cause of action. The defendants-appellees urge that it affirmatively appeared from the allegations of the complaint that the mortgage was in effect a guarantee of the payment of a note of a third party and that the guarantors were discharged from their undertaking because the plaintiff-appellant took a new note which extended the time for payment. We reverse upon a holding that the mortgagors undertook a primary obligation to pay the debt which was not extinguished by the taking of the second note in a lesser amount for an extended payment date.
The salient allegations of the complaint are as follows:
“1. On or about the date set forth in the promissory note, a copy of which is attached hereto, and made a part hereof, and marked Exhibit ‘A’, the maker thereof was indebted to the payee thereof, plaintiff herein, in the principal sum stated in said promissory note, which was executed and delivered to the payee.
“2. To secure the payment of said promissory note, the defendants herein, being the owners of record of the fee simple title to the hereinafter described property, executed and delivered to the plaintiff herein, a certain mortgage, duly recorded in O.R. Book 3062, Page 57S, on March 14, 1962; a copy of which is attached hereto and made a part hereof, and marked Exhibit ‘B’; which mortgage encumbers the following described property * * * ”
*716 “3. The balance of said promissory note, Exhibit ‘A’ became due on or about July 3, 1962.
“On or about July 3, 1962, the makers of said promissory note, Exhibit ‘A’ herein, duly executed and delivered to your plaintiff, their promissory note, a copy of which is attached hereto, and made a part hereof, and marked Exhibit ‘C’; which promissory note was in essence an extension of the due date of the outstanding debt due from the makers of said notes to your plaintiff herein.
“4. The plaintiff is now the owner and holder of said promissory notes, and mortgage.”
The exhibits attached to the complaint show that the renewal note is made by Cole Vending Industries, Inc., by its president, Albert Cole, and that the mortgage is made by Albert Cole and Frieda Cole.
The appellant relies upon Anderson v. Trueman, 100 Fla. 727, 130 So. 12, for reversal. In that case FI. A. Trueman and Minnie L. Trueman, his wife, and L. L. Kirkpatrick and Charlotte Kirkpatrick, his wife, executed their joint mortgage to the First National Bank of Lakeland, Florida. The mortgage was given to secure a note signed by H. A. Trueman and L. L. Kirkpatrick. At maturity the note was renewed for a period of 90 days. On the second maturity date a further extension was granted. The bank, by its receiver, brought suit to foreclose the mortgage. Defendants’ demurrer to the bill of complaint was sustained and the appeal followed. The Supreme Court found that the decisive question was “whether or not the repeated in-dulgencies granted on the payment of the original note without the approval of Mrs. Trueman and Mrs. Kirkpatrick had the effect of discharging the mortgage and releasing the lands described therein as surety for the payment of the said note.” [Emphasis supplied.] The Court held:
“From an examination of the record we cannot escape the conclusion that the mortgage secured the payment of a debt of $22,500 of which the note was the mere evidence; that the original note attached to the mortgage a portion of which is here quoted authorized the renewal of all or any part thereof without notice; and that all subsequent extensions were nothing more than renewal notes to evidence the secured indebtedness. They effected no change in the form, amount, or material substance of the indebtedness and were authorized by the terms of the note which was by apt words made a part of the mortgage. Under such circumstances, the rule as to discharge of sureties has no application, but the mortgage remains a lien until the debt it was given to secure is satisfied and is not affected by a change of the note or by giving a different note as evidence of the debt unless there be an express agreement to the contrary. Cheves v. First Nat. Bank of Gainesville, 79 Fla. 34, 83 So. 870; Thompson on Real Property, § 4710, 21 R.C.L. 70 and 75.”
The appellant urges that this holding establishes that the law of guaranty and suretyship has no application to the liability of Mr. and Mrs. Cole, the defendants-appellees here.
Appellees contend that the decision is actually an exception to the rule that sureties are discharged by an extension of the note secured without the sureties’ consent because the Court found in the original note attached to the mortgage a provision which authorized the renewal of all or any part thereof without notice. This provision is not contained in the original note presently considered. This is certainly a reasonable reading of what the Court said in the holding above quoted.
However, we do not think appellees contention is the only reasonable reading of the holding. If one turns to the authorities cited by the court for its holding, it appears that Cheves v. First Nat. Bank of Gaines- *717 ville, 79 Fla. 34, 83 So. 870, is authority for a holding that a renewal note does not change the character of a debt. In that case the question to be resolved was the priority between a mortgage and a judgment. It was held that the mortgage was prior because the note secured was a renewal of a purchase-money note.
Again, turning to 21 R.C.L. at pages 70 and 75, the subject discussed is “Payment”. On page 70 the paragraph heading is “View that Negotiable Note Is Not Payment.” In a paragraph on page 75 entitled “Lien of Creditor as Affected by Taking Note”, the following appears therein: ■“Taking up a note secured by a mortgage, by giving a new one for the same sum, is no discharge of security given for the debt” and later in the same paragraph, “And the giving of a note for the balance due an attorney on account will not discharge his lien on the papers.”
We have been unable to locate the section cited in Thompson on Real Property because there is not available for us an edition which was in print in 1930 (the date of the opinion in Anderson v. Trueman, supra). Nevertheless, § 4812 of the 1958 .edition is in' part as follows:
“§ 4812. Change in form of indebtedness or in mode or time of payment as discharging mortgage lien.— No change in the form of the evidence, ■or the mode or time of payment, nothing short of actual payment of the debt, or an express release, will operate to discharge the mortgage unless so intended. The mortgage remains a lien until the debt it was given to secure is satisfied, and is not affected by a change of the note, or by giving a different instrument as evidence of the debt, or by a judgment at law on the note merging the original evidence of indebtedness, or by a recognizance of record taken in lieu of the mortgage note. The mortgage secures the debt, not the evidence thereof.” . ■
We conclude that the debt of which the note was the evidence has not been discharged and that the subsequent renewal in this case did not release the lien of the mortgage under the rule as to the release of sureties. It follows that the decree of the chancellor must be reversed.
Reversed and remanded.