ALLEN, Chief Judge.
Appellant, Donald E. Bleakley, who was defendant below, appealed from an adverse final summary judgment finding him liable as an endorser of a promissory note.
Defendant, Marblehead Golf Corporation, executed a promissory note in favor of ap-pellee, who was plaintiff below. This note was personally endorsed by Bleakley and L. Fred Taylor.
The note, which was due September 25, 1964, was extended, with sufficient consideration, several times. The appellant attempted to avoid liability for the payment of said note on the ground that he had not consented to more than one extension nor had he been notified thereof.
The note provided:
“Each of us, whether, maker, surety, guarantor or endorser, hereby severally waives all rights of homestead exemption, and of presentment and demand for payment, protest, notice of protest and notice of dishonor and consents that this note, or any part hereof, may be extended without further notice.”
The lower court held that the above quoted extension agreement was a waiver of any right to object to any extension. We think the Florida case of Anderson v. Trueman, 1930, 100 Fla. 727, 130 So. 12, is authority for the holding of the lower court.
In Anderson, certain parties and their wives had executed a mortgage, which was given to secure a promissory note in favor of the mortgagee in tire sum of $22,500. After the note matured the mortgagors were not in position to pay and it was renewed for a period of 90 days on consideration of the payment of interest. Subsequent extensions were also granted. Suit was brought against the parties and was defended on the ground that the extensions on the payment of the original note, without the approval of Mrs. Trueman and Mrs. Kirkpatrick, sureties for payment of the note, had the effect of discharging the mortgage and releasing the lands described therein.
The lower court agreed with this view, but on appeal the Florida Supreme Court reversed, saying the note attached to the mortgage and the subsequent renewals thereof contained the following stipulation, binding all parties to the mortgage:
“We and each of us consent that the amount of this note or any part hereof may be extended without further notice.”
The Court went on to state:
“ * * * Under such circumstances, the rule as to discharge of sureties has no application, but the mortgage remains a lien until the debt it was given to secure is satisfied and is not affected by a change of the note or by giving a different note *920 as evidence of the debt unless there be an express agreement to the contrary. * * * ”
We note in passing that this question arose before the passage of Chapter 673, Florida Statutes, F.S.A., “Uniform Commercial Code — Commercial Paper,” and therefore not governed by said act.
Section 673.03-118(6) provides:
“Unless otherwise specified consent to extension authorizes a single extension for not longer than the original period. A consent to extension, expressed in the instrument, is binding on secondary parties and accommodation makers. A holder may not exercise his option to extend an instrument over the objection of a maker or acceptor or other party who in accordance with § 673.3-604 tenders full payment when the instrument is due.”
Affirmed.
SHANNON and HOBSON, JJ„ concur.