**BASIC ASPHALT AND CONSTRUCTION CORPORATION,**
Plaintiff-Appellant,

v.

**PARLIAMENT INSURANCE COMPANY, Defendant-Third-Party**
Plaintiff-Appellee,

v.

**WARD RIDGE CONSTRUCTION CO., INC., et al., Third-Party Defendants.**

No. 75–1482.

United States Court of Appeals,
Fifth Circuit.

May 12, 1976.

---

R. L. Russell, Orlando, Fla., for plaintiff-appellant.

Jeffry R. Jontz, Stephen A. Weinstein, Orlando, Fla., for Parliament Ins. Co.

Before DYER, CLARK and GEE, Circuit Judges.

DYER, Circuit Judge:

In this Florida diversity case the sole issue presented by this appeal is whether a compensated surety is automatically discharged by an extension of time to the debtor without the consent of the surety. The district court granted summary judgment for the surety. We disagree and reverse.

Basic Asphalt contracted with Ward Ridge, the prime contractor, to pave a road on land being developed by Treeshore, Inc. in Florida. Parliament was the compensated surety on a performance-payment bond in favor of Treeshore. After the paving was completed Ward Ridge failed to pay Basic $13,800. Basic thereupon filed a lien on the land owned by Treeshore.

Subsequently, and without Parliament's knowledge, Basic and Ward Ridge entered into negotiations which culminated in the execution of a promissory note by Ward Ridge, the effect of which was to give a 13 month extension to Ward Ridge and a security interest in certain of its equipment to Basic. Ward Ridge defaulted in its payment on the promissory note and Basic sued Parliament on the bond.

The district court granted summary judgment for the surety, concluding that the contractor's extension of time to the debtor without the surety's consent discharged the surety. The court rested its decision on *Cole v. Exchange National Bank of Chicago,* Fla.1966, 183 So.2d 195, which concerned an accommodation surety on a negotiable instrument.

We are, of course, *Erie* bound to follow Florida law. In *Gibbs v. Hartford Accident & Indemnity Co.,* Fla.1952, 62 So.2d 599, the Florida Supreme Court rejected the old rule of *strictissimi juris,* the presumption of a discharge of the surety from any modification of the contract terms. *Gibbs* held that the surety was discharged from its obligation on its construction performance bond *only* to the extent of prejudice or injury shown to have resulted from the change in the contract's terms. Whether or not the contractor's departure from the contract terms resulted in injury to the compensated surety was held to be a factual question precluding summary judgment.

The surety law of Florida makes it clear that "negotiable instrument cases do not apply to determine the liability of a compensated surety on a performance bond, where there has been an extension of time granted to the contractor to pay for materials. In this regard, the compensated surety is not in the same position as an accommodation party on a negotiable instrument." (citations omitted). 30 Fla.Jur., Suretyship and Guaranty § 23; cf. § 21, generally (1974).

We find no merit to Parliament's claim that *Cole* implicitly overruled *Gibbs.* There was no reason for the *Cole* court to discuss *Gibbs* since *Cole* did not deal with a compensated surety. The courts of Florida have continued, after *Cole,* to apply the principle of *Gibbs* that a compensated surety is not relieved of its bond obligation "merely because the principal made payments to his contractor contrary to the provisions of the contract, in the absence of a showing that such violation injured the bonding company, . . ." *United Bonding Co. v. Southeast Regional Builders,* 1st D.CA.Fla.1970, 236 So.2d 460, 464; accord, *Equitable Fire & M. Ins. Co. v. Tiernan Building Corp.,* 4th D.CA.Fla.1966, 190 So.2d 197, 198–99; *Development Corp. v. United Bonding Ins. Co.,* 5 Cir. 1969, 413 F.2d 823.

While Parliament alleged in its answer that it had been prejudiced by the

subcontractor's grant of an extension to the prime contractor there has been no factual showing of such prejudice. The district court's summary disposition of the case precluded such proof. In view of the disposition that we make of this issue summary judgment was inappropriate.

REVERSED.