In re Sonia C. TINGLE f/d/b/a Wild Bill's Feed & Grain, Debtor.

Patrick A. BARRY, Trustee, Plaintiff,

v.

The HARRIS ORGANIZATION, INC., a corporation, and The Bank of Hallandale & Trust Company, a Florida banking corporation, Defendants.

Bankruptcy No. 83–00501–BKC–SMW.
Adv. No. 84–0125–BKC–SMW–A.

United States Bankruptcy Court,
S.D. Florida.

May 29, 1984.

Patrick A. Barry, Fort Lauderdale, Fla., Trustee.

Ronald Golub, Miami, Fla., Robert Venney, Coral Gables, Fla., for trustee.

Daniel Cave, Joseph Easthope, Fort Lauderdale, Fla., for Bank of Hallandale.

Todd DerOvanesian, Jr., Miami, Fla., for Harris Org.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came on to be heard on Wednesday, April 11, 1984, upon the Adversary Complaint filed by the trustee, to Determine the Amount, Validity, and Priority of a Lien, Declaratory Judgment and Damages, as amended, the Answer and Affirmative Defenses of the Defendant, BANK OF HALLANDALE & TRUST COMPANY ("Bank"), and the Answer, Affirmative Defenses, and Counter-Claim for Set-off of the Defendant, HARRIS ORGANIZATION, INC. ("Harris"). The Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel; and being otherwise fully advised in the premises, does hereby make the following Findings of Fact and Conclusions of Law.

This Court has jurisdiction over the parties hereto and the subject matter hereof.

The evidence presented at trial is essentially undisputed.

On or about September 28, 1981, the Debtor was the owner and holder of a promissory note and mortgage on real property located in Broward County, Florida. The promissory note and mortgage was dated October 3, 1980. The mortgagor is DAVID FELDMAN, individually and as trustee, and the mortgagee is the Debtor, SONIA C. TINGLE. The principal amount of the note is $187,500.00, payable interest only, monthly, with the principal amount of the loan due on January 1, 1991. The mortgage is duly recorded in the Public Records of Broward County, Florida.

On or about September 28, 1981, the Debtor and Defendants entered into a transaction whereby the Debtor assigned the note and mortgage to the Bank as collateral for a loan from the Bank to Harris. Harris, in turn, loaned to the Debtor certain proceeds from the Bank loan.

The loan from the Bank to Harris was in the original amount of $112,000.00, payable interest only, monthly, with principal due on September 28, 1982. The loan from Harris to the Debtor was in the original amount of $50,000.00, payable on or before October 20, 1982.

The Debtor unconditionally endorsed the Feldman note and mortgage and delivered it to the Bank as collateral for the loan from the Bank to Harris. She executed an unconditional assignment of the note and mortgage in favor of the Bank, dated September 28, 1981. The assignment was duly recorded in the Public Records of Broward County, Florida.

In addition, on October 2, 1981, the Debtor executed and delivered to the Bank, a letter agreement, providing that she would make no demand for the return of the collateral until Harris satisfied the note to the Bank, and that incorporated the terms and conditions of the note.

On October 20, 1981, as part and parcel of this transaction, the Debtor and Harris executed an agreement whereby Harris agreed to charge the Debtor an interest rate five percent less than that which the Bank charged Harris. The consideration for this agreement was the Debtor's assignment of the note and mortgage to the Bank.

On September 28, 1982, the obligation from Harris to the Bank became due. The Court heard the testimony of the president of the Bank, indicating that on that date the loan was in default for non-payment.

On November 12, 1982, the Bank and Harris entered into an agreement whereby Harris renewed the loan. Harris paid down the loan amount to $95,200.00 and executed a renewal loan with the Bank. Again, the renewal loan was payable interest only, monthly, with the entire principal sum due one year later, on November 12, 1983. The renewal loan provided for the same security as did the original.

At the time of the filing of this bankruptcy proceeding, both the loan from the Bank to Harris and from Harris to the Debtor were in default for non-payment. The trustee has filed this adversary proceeding seeking an adjudication as to the relative rights of the parties in the Feldman note and mortgage.

It is the trustee's position that the Feldman note and mortgage should be reassigned to the estate, free and clear of the interest of the Bank. The Bank has asserted ownership and, alternatively, a security interest in the note and mortgage, pursuant to the assignment by the Debtor. The Harris Organization does not assert an interest in the note and mortgage but seeks only an unsecured claim in the estate in the amount loaned to the Debtor, plus accrued interest.

The trustee contends that upon the renewal of the original loan from the Bank to Harris that the Debtor was discharged as surety for the Bank's failure to obtain the Debtor's consent to the renewal of the loan. The trustee cites as authority for his position the case of *Cole v. Exchange National Bank of Chicago*, 183 So.2d 195 (1966). In this case, the Florida Supreme Court held that an extension of time for payment of a note without the consent of a surety, discharges the surety.

However, the holding of *Cole* does not compel this Court to rule in favor of the trustee, given the facts of this case. In the present case, unlike *Cole*, the original note executed by Harris to the Bank, contained a consent to extension and renewal, without notice to the surety. Although the Debtor did not sign the original note, she did make the note a part of her agreement with the Bank and became bound by its provisions when she signed the letter of agreement of October 2, 1981.

The Court finds that, under the facts of the present case, that it is governed by the ruling of *Anderson v. Trueman, et al.*, 100 Fla. 727, 130 So. 12 (1930). In that case,

the Court ruled that where a mortgage authorized renewal without notice and that where subsequent extensions are nothing more than renewal notes to evidence the secured indebtedness, that the rule as to discharge of surety would have no application. The Court finds that the *Anderson* ruling is controlling, based upon the documents before the Court, specifically the original note executed by Harris, the unconditional assignment of mortgage and note, the unconditional endorsement of the note, and the letter agreement of the Debtor. The foregoing documents clearly fall within the ruling of *Anderson, supra,* and significantly distinguish the present case from *Cole, supra.*

In addition, there is another distinction between Cole and the present case. It is the same distinction found in *Basic Asphalt and Construction Corp. v. Parliament Insurance Co.,* 531 F.2d 702 (5th Cir.1976). The issue in that case was whether a *compensated* surety is automatically discharged by an extension of time to the Debtor without the consent of the surety. The Court held, under the authority of *Gibbs v. Hartford Accident & Indemnity Co.,* 62 So.2d 599 (Fla.1952), that a compensated surety should not be automatically discharged by an extension of time to the Debtor. *Basic Asphalt* is distinguished from *Cole* as *Cole* did not deal with a compensated surety. The Court finds that in the instant case the Debtor was compensated in that she received a significant portion of the loan proceeds as well as anticipated compensation from the assignment of the note and mortgage to the Bank as security, and as a result of the decreased interest rate charged to her by Harris.

█ In order for a compensated surety to be discharged upon renewal, it must be proven that there was prejudice or injury, in fact, as a result of the extension of time and/or renewal without consent. Where the surety fails to allege and prove such prejudice as a result of the renewal and/or extension of time, the surety should not be discharged or relieved from liability. The Court finds that the trustee has failed to prove the Debtor's indemnity rights as

against Harris were prejudiced by renewal of the note.

█ The Court finds that the Debtor assigned her right, title, and interest in the Feldman note and mortgage to the Bank as collateral for the loan from the Bank to Harris. It is clear that, as a result of this assignment, the Bank has a security interest in the Feldman note and mortgage, subject to the trustee's right of redemption. *Travelers Insurance Co. v. Tallahassee Bank & Trust Co.,* 133 So.2d 463 (Fla. 1 DCA 1961) cert. den. 138 So.2d 332 (Fla.1962), *Williams, Salomon, Kanner, & Damian v. American Bankers Life Assurance Co. of Florida,* 379 So.2d 119 (Fla. 3 DCA 1979).

█ It is well settled that a trustee is vested by law merely with the title of the Debtor as of the date the petition is filed. 4 *Collier on Bankruptcy* § 541.08, 15th Ed.1979. Accordingly, the trustee has only those rights to the Feldman note and mortgage which the Debtor had.

Since the trial of this proceeding, the Court has become aware of a Notice of Sale, filed by the trustee, to sell the Feldman note and mortgage, subject to this Court's ruling in this adversary proceeding. The Court has taken judicial notice of the trustee's Notice of Sale.

Accordingly, the trustee is allowed to sell the Feldman note and mortgage, free and clear of the interest of the Bank of Hallandale & Trust Company, with the Bank's interest to attach to the proceeds of sale. The interest of the Bank is to be paid from the proceeds of the sale of the collateral.

There is now due and owing to the Bank, the sum of $95,200.00, principal, plus interest in the amount of $12,160.10. Costs and attorneys' fees are to be determined upon proper application to the Court.

The Harris Organization is found to have a valid, unsecured claim, in this bankruptcy proceeding, in the original principal amount of $50,000.00, plus accrued interest to the date of filing at the rate of sixteen percent.

**908**

A Final Judgment will be entered in conformity with these Findings of Fact and Conclusions of Law.