VIOLA B. MARSHALL, Assignee of REBECCA T. HAINES, mortgagee, *vs.* ROBERT P. ANDERSON and SADIE M. ANDERSON, his wife, mortgagors.

JUDGMENT—STAY OF EXECUTION—TIME FOR GIVING SECURITY—STATUTE.
    *Code* 1915, § 3731, provides that the Superior Court shall have power to appoint any day during the term for the transaction of all matters required to be done on or before the last day of the term. *Rule* 9 of the Superior Court, *Section* 20, provides that in all actions wherein judgment for plaintiff shall be rendered at the appearance term for want of affidavit of defense, pursuant to Act Gen. Assem. March 4, 1867, amending *Rev. Code*, *c.* 106, security may be given by the defendant to obtain stay of execution, within twenty days after the adjournment of the term at which the judgment is rendered. *Section* 27 of the same rule provides that judgment by default may be entered upon motion on the second Friday of the term to which the original process

is returnable, unless the court shall, before that time, adjourn, in which case such judgment may be entered upon the day of such adjournment. Default judgment foreclosing a mortgage was entered October 1st, the second Friday of the September term. *Held* that, under the rules, the defendants in the default judgment had twenty days after adjournment of the September term to enter security for payment and stay of execution, which would be within twenty days after the second Friday of the term at which judgment was taken.

*(December* 10, *1915.)*

Judges BOYCE and RICE sitting.

*Robert G. Harman* for petitioner.

*Horace G. Eastburn contra.*

Superior Court, New Castle County, November Term, 1915.

PETITION AND RULE to set aside sheriff's sale (No. 28, September Term, 1915) on *levari facias* No. 33, November Term, 1915.

Viola D. Marshall, assignee, sued out a writ of *levari facias* on a judgment of foreclosure of mortgage against Robert P. Anderson and his wife, directed to the sheriff of the county commanding him to make sale of the lands therein described.

Sale was made and the writ returned on the first day of the term of court to which the writ was returnable. Security for payment of the judgment and stay of execution given by the defendant on the day following the return of the writ.

Petition by defendant in the judgment and rule thereon against the purchaser to show cause why the sale should not be set aside.

The exceptions to confirmation of the sale and further facts appear in the opinion. Rule discharged.

RICE, J., delivering the opinion of the court:

At the last September term of this court Viola D. Marshall, assignee of Rebecca T. Haines, mortgagee, secured on the first day of October, a judgment by default, for want of an affidavit of defense, on a writ of *sci. fa. sur* mortgage, against Robert P. Anderson and Sadie M. Anderson, his wife, mortgagors. On the eighth day of October the plaintiff in the judgment caused to be issued thereon a writ of *levari facias* returnable on the first day of the present November Term, which began on Monday, Novem-

ber first.   The September term was adjourned *sine die* on October thirteenth.   The real estate described in the execution writ was sold by the sheriff, as advertised, on Saturday the thirtieth day of October, and on Monday the first day of the present term the writ was returned with the following indorsement:

"Advertised the within real estate for sale on the thirtieth day of October, 1915, and sold the same to Horace Greeley Eastburn for the sum of seventeen hundred and fifty dollars.   So ans. Harry J. Stidham, Sheriff."

The day following the return of this writ, security with surety, approved by the prothonotary, was entered of record under the provisions of *Section* 20, *Rule* 9, *Superior Court Rules*.

This hearing is upon a rule, issued on a petition, of the defendants against the purchaser,

"to show cause, if any, why the court should not refuse to confirm the sale, and the same be declared void, vacated and set aside."

### *Section* 20, *Rule* 9, provides that:

"In all actions wherein judgment for the plaintiff shall be rendered at the appearance term, for want of an affidavit of defense, pursuant to the provisions of an act of the General Assembly entitled 'An Act to Amend Chapter 106 of the Revised Code,' passed March 4, 1867, in which security shall be given by the defendant for the purpose of obtaining a stay of execution, as in said act provided, such security may be given within twenty days after the adjournment of the term at which the judgment is rendered, and shall be entered of record, and signed by the surety or sureties and shall be substantially in the following form, to wit: (Form for Entering Security).

"Such surety or sureties shall be approved by the prothonotary; and the entry of security shall have the force and effect of a judgment.   Security given pursuant to this rule shall supersede any execution previously issued upon the judgment."

This rule was promulgated by the court in 1868, the year following the passage by the Legislature of the following act found in *Section* 4169, *Code* of 1915:

"In all actions in the Superior Court upon bills, notes, bonds, or other instruments of writing for the payment of money, or for the recovery of book accounts, on foreign judgments, and in all actions of *scire facias* on recognizances in the Orphans' Court and Court of Chancery, judgments or mortgages, judgment by default shall be entered upon motion by the plaintiff or his attorney on the last day of the regular term to which the original process is returnable, notwithstanding appearance by the defendant, unless the defendant, or if there be more than one, one or more of them, shall have previously filed in the cause an affidavit stating that he or they verily believes

or believe there is a legal defense to the whole or part of such cause of action, and setting forth the nature and character of the same; if the defense be to a part only of the cause of action, the defendant, or if there be more than one, any one or more of them shall, in such affidavit specify the sum which he or they admits or admit to be due, and judgment shall be entered for the plaintiff at his election for the sum acknowledged to be due; Provided, that no judgment shall be entered by virtue of this section unless the plaintiff, or if there be more than one, some one or more of the plaintiffs shall, on or before the first day of the term to which the original process is returnable, file in the office of the prothonotary a copy of the instrument of writing, book entries, or claims, or in case of a *scire facias*, a certified abstract or transcript of the judgment, or mortgage, or recognizance, and in case of a suit on a foreign judgment a copy of said judgment, certified to under the act of Congress passed May 26, 1790, with an affidavit stating the sum demanded, and that he or they verily believe that the same is justly and truly due; And provided also, that upon any judgment under this section a stay of execution for six months shall be granted on security being given by the defendant for the payment of such judgment, with interest and costs, in such form as by the rules of the court shall be prescribed.  *  *  *  In case of security being given as aforesaid by the defendant, the entry of such security shall have all the force and effect of a judgment, and at the expiration of the stay given, the said judgments, with costs, may be collected by execution process sued out jointly or severally against said principal and surety.  *  *  * "

Counsel for the petitioner contends that the sale should not be confirmed and should be set aside,

"for the reason that the entry of security in the manner and form aforesaid, under the statute and pursuant to the rules of court, supersedes any execution previously issued upon the said judgment."

At the time the above act and rule were passed, the terms of court were not long, in duration, and the plaintiff, in cases wherein affidavits of demand were filed, would not have long to wait until the last day of the term to secure his judgment; if an affidavit of defense was not filed. As the terms of court became longer by reason of the increase of business, the desirability of securing judgments in such cases at some earlier day in the term, became apparent. As a result of this, and to provide for judgments at a day earlier than the last day of the term, the Legislature in 1877 passed the following act, which as amended is *Section 3731, Code* of 1915:

"Wherever the Superior Court may consider it necessary or proper, they shall have the power to appoint, by rule, any day during the terms of said court, which they may see fit, for the transaction of all such matters or things as are now required by law to be done on or before the last day of the

term. And all matters or things which may be done in accordance with any rule, made as aforesaid, shall be as valid and binding as if done on the last day of said term, and shall have the same operation and effect."

The court pursuant to the provisions of this act adopted another rule which we believe has an important bearing upon the question raised in this case. This rule being *Section 27, Rule 9*, and is as follows:

" * * * Judgment by default may be entered upon motion of the plaintiff or his attorney, on the second Friday of the term to which the original process is returnable, unless the court shall before that time adjourn to the next term in course in which case such judgment may be entered as aforesaid upon the day of such adjournment. * * * "

It was under the provisions of *Section 3731* of the *Code*, and *Section 27* of *Rule 9*, that the judgment in the present case was entered on October first, the second Friday of the September term.

It is the opinion of the court that the question in this case is, whether the defendants in the judgment entered on the second Friday of the September term had, under the rules of court, twenty days after the adjournment of that term to enter security thereon.

The evident purpose of the rule providing for the entering of security within twenty days after the adjournment of the term, on judgments for want of an affidavit of defense, was to allow the defendant a reasonable time, after judgment was entered, to provide for security, and thereby stay execution proceedings, if he intended to do so. As at the time of promulgating *Section 20*, judgments of this kind could only be entered on the last day of the term, the effect was the same whether the rule read *within twenty days after the adjournment of the term*, or, *within twenty days after the day of entering judgment.*

But since the passage of this rule, judgments may under the later rule be taken at an earlier day in the term. The question therefore naturally arises whether, under the rule, a defendant in second Friday judgments has within twenty days after the adjournment of the term, or twenty days after the day the judgment was entered, within which to enter security.

As twenty days from the day of entering were considered a reasonable time, in which to provide for security on judgments of the last day of the term, we cannot find any good reason why a longer time should be allowed on those entered on the second Friday.

We believe the fair and reasonable interpretation of the rule to be that the defendant has twenty days, after the day of entering the judgment, in which to enter security thereon, which in cases of judgments entered on the second Friday, would be within twenty days after the second Friday of the term at which such judgment is taken.

For the reasons above stated the court are of the opinion that the rule should not be made absolute, and it is directed that the rule be discharged and the sale confirmed.