LEE HART, *Appellant*, v. W. F. ATWOOD, *Appellee.*

Division B.

Opinion filed December 5, 1928.

*McCollum & Howell*, Attorneys for Appellant;

*Cook & Harris*, Attorneys for Appellee.

BUFORD, J.—In this case the appellant has grouped in his brief three assignments of error, as follows:

"2. That the Court erred in finding that complainant is entitled to an equitable lien on the property described in the bill of complaint.

"3. That the Court erred in finding that the equities of this cause are with the complainant.

"4. That the Court erred in rendering its final decree of August 5, 1927.

The assignment of error numbered 3 is without merit and, therefore, all assignments of error fail.

In Smithie v. State, 88 Fla. 70, it is held:

"Where assignments of error are grouped in the brief of counsel for the plaintiff in error, if one assignment fails, they all fail."

The first assignment of error having been abandoned, and there being no other assignments of error, except those above mentioned, before the Court, the decree of the chancellor might be affirmed, but the abstract of title which is before the Court and which constituted a part of the evidence before the chancellor shows that the title to the lands involved in the decree is held by Lee Hart and his wife, Mary Hart, and that the same constitutes an estate by entireties.

In the case of Ohio Butterine Co. et al., v. Hargraves et al., 79 Fla. 458, 84 So. R. 376, this Court say:

"The interest of a husband in an estate by entireties has been held to be a vested interest, and as such the subject of a lien of a judgment against him, but the

courts are not in harmony upon the question, and the better view appears to be that where under married Woman's Acts the husband no longer has the right to the possession and control of the property of the wife, there is nothing which he can individually dipose of or encumber, or which can be sold on execution for his debts, and therefore, there is nothing to which a lien may attach."

And, again in that case, the Court say:

"No judgment constitutes a lien upon property against which it can not be enforced."

In the case now under consideration the wife, Mary Hart, was not a party to the contract of sale and was not a party to the suit, nor should she have been, because the record does not disclose that she or her estate was in any way bound by the contract.

It would appear highly improper for this court to affirm a decree in a case where the record as it appears here discloses that such decree can not lawfully be enforced.

It appears from the record now before us that part of the final decree, reading as follows:

"that to secure the payment of said sum of money that the complainant has a lien on the lots, tracks or parcels of land situated, lying and being in the County of Sumter and State of Florida; and hereinbefore described as belonging to the defendant and more particularly described in said contract and bill of complaint; that in default of said payment the said special master be and he is hereby directed to sell the said premises described in said bill of complaint to satisfy such indebtedness and costs and in the event of such

sale, should the said premises fail to sell for sufficient to pay for the total amount of this indebtedness secured by this lien, that a decree for the difference or deficiency be entered against the said defendant'',

constitutes error. The remainder of the decree, however, appears to have been properly entered.

The decree of the chancellor is reversed, with directions that further proceedings be had not inconsistent with this opinion.

Reversed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.