JOHN J. PHARE and wife, ELIZABETH GREGORY PHARE, *Appellants*, v. WARNER E. RANDALL, *Appellee*.

Division A.

Opinion filed May 17, 1929.

*O. L. Dayton* and *George W. Dayton* for Appellants;

*Gibson & Cutts,* for Appellee.

TERRELL, C. J.—In April, 1925, appellee, Warner E. Randall, sold to appellants, John J. and Elizabeth Gregory Phare, a certain water works plant with equipment located in the town of New Port Richey, Florida, for the sum of $17,500.00. Of this amount $2,000.00 was paid in cash and the balance evidenced by promissory notes executed on the part of appellants to appellee, said notes being secured by a mortgage covering the water works plant and the realty on which it was located. The first note in the sum of $2,000.00 was paid as per terms thereof, but on default in the payment of the second note, as per terms of the acceleration clause in the mortgage contract, appellee brought his suit to foreclose resulting in a final decree of sale. The property covered by the mortgage was sold for the sum of $5,000.00 and bought in by the appellee, and a deficiency judgment was entered for the balance in the sum of Nine Thousand Seventy-five Dollars and Fifty-four Cents. ($9,075.54).

It was also decreed that the said amount of $9,075.54 be a personal judgment against John J. Phare, but as to Elizabeth Gregory Phare it should constitute a lien or charge in equity against her separate property within the meaning of Article II, Section 11 of the Constitution of the State of Florida. It appears to be conceded on both sides that the chancellor intended to say Section Two of Article Eleven as that Article deals with married woman's property, while Article Two deals with an entirely different subject matter foreign to the issues in this case. It is also shown that a portion of the property against which the deficiency decree was entered was the homestead of John J. Phare and other property thereby affected was owned by John J. and Elizabeth Gregory Phare by the entireties.

Appeal is taken from that part of the final decree affecting the homestead, the joint property or property by the

entireties of John J. and Elizabeth Gregory Phare and the separate statutory property of Elizabeth Gregory Phare.

The notes brought in question were plain promissory notes and mortgage described nothing but the power plant and accessories and real estate on which same were located. There was no attempt whatever in the mortgage or the notes to encumber the separate property of Elizabeth Gregory Phare, the homestead of John J. Phare or such property as was owned by John J. and Elizabeth Gregory Phare by the entireties.

As to the separate property of Elizabeth Gregory Phare the cause is reversed on authority of Blood v. Hunt and Blood v. Huey, decided by this court April 16, 1929; Rice v. Cummings, 51 Fla. 535, 40 So. R. 889. As to the joint property or property by the entireties of John J. and Elizabeth Gregory Phare the cause is reversed on authority of Ohio Butterine Co., v. Hargrave, 79 Fla. 458, 84 So. R. 376. As to the homestead property of John J. Phare the cause is reversed on authority of Section One of Article Ten of the Constitution, the judgment lien here brought in question not being within the terms of those enumerated in that Article.

Reversed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.