MARGARET D. STANLEY, *et vir.*, as tenants by entireties, v. HERMAN POWERS, and W. W. CHASE, as Sheriff of Polk County.

166 So. 843.

Opinion Filed March 30, 1936.

Rehearing Denied April 13, 1936.

360

*George P. Garrett,* for Appellants;

*Carver & Langston* and *Gordon Petteway,* for Appellees.

Buford, J.—The appeal in this case brings for review an order denying temporary restraining order and an order dismissing bill of complaint. By the bill of complaint it was sought to enjoin sale under an execution of certain real estate owned by the defendants in execution, husband and wife, as an estate by the entireties.

It is sought in this appeal to have us review the judgment on which the execution issued. In this proceeding, that judgment may be reviewed only insofar as to determine whether or not it is a void judgment. If it is not a void judgment, then it could not successfully be attacked in this proceeding, but should have been attacked on direct review by writ of error.

The record shows that a judgment was entered against one A. P. Stanley and one Margaret D. Stanley in an action for tort committed by the operation of a motor driven vehicle. The parties were not described as husband and wife, although that relation is shown to have existed. They were sued as joint tort feasors. Under such conditions, a plaintiff may sue either one or the other, or both, of the tort feasors and where alleged joint tort feasors are sued judgment may be recovered against one while no judgment is recovered against the other. See Anderson v. Crawford, 111 Fla. 381, 149 Sou. 656.

That a married woman may be sued in tort and judgment recovered against her is settled beyond question in this

jurisdiction. See Meeks v. Johnson, 85 Fla. 242, 95 Sou. 670; Green v. Miller, 102 Fla. 767, 136 Sou. 532; Benfield v. Addington, 104 Fla. 661, 140 Sou. 893; Ballinger v. Mark, 115 Fla. 95, 155 Sou. 106.

So, we must hold that the power existed in the court on proper pleadings and under proper proof to enter judgment against a married woman for tort. Whether or not such judgment is properly entered is as heretofore stated a matter to be considered by the Appellate Court on direct review of the proceedings on writ of error. Fiehe v. Householder, 98 Fla. 627, 125 Sou. 2; Parker v. Fagan, 68 Fed. (2) 616; Malone v. Meres, 91 Fla. 709, 109 Sou. 677; Palm Beach Estates, et al., v. Croker, 111 Fla. 671, 152 Sou. 416.

Since it is not made to appear that the judgment upon which the execution issued is void, the next question for our determination is whether or not the interest of a wife in an estate held by the husband and wife as an estate by the entireties may be subject to sale under execution issued upon a judgment rendered against the wife, and whether or not the interest of a husband in an estate held by the husband and wife as an estate by the entireties may be sold under execution to satisfy judgment against the husband, in each case it appearing that judgment was one obtained in a tort action.

We hold that in the present case it is immaterial that it so happened that the husband and wife were sued as joint tort feasors and that a judgment was obtained against each of them without them having been sued as husband and wife. The status and result must be the same as if they had been sued as husband and wife. The suit was against husband and wife alleged to be joint tort feasors. A judgment was obtained which may be satisfied out of property of either or both.

It is well settled that an estate by entireties exists in Florida. See English v. English, 66 Fla. 427, 63 Sou. 822; Ohio Butterine Co., *et al.,* v. Hargrave, *et ux.,* 79 Fla. 458, 84 Sou. 376; Bailey v. Smith, 89 Fla. 303, 103 Sou. 633; Phare v. Randall, 97 Fla. 858, 122 Sou. 217; Ferris-Lee v. Fulghum, 98 Fla. 171, 123 Sou. 697; Allardice and Allardice v. Weatherlow, 98 Fla. 457, 124 Sou. 38; Anderson v. Trueman, 100 Fla. 727, 130 Sou. 12; Logan Moore Lbr. Co. v. Legato, 100 Fla. 1451, 131 Sou. 381; Menendez v. Rodriquez, 106 Fla. 214, 143 Sou. 223; Palm Beach Estates v. Croker, 106 Fla. 617, 143 Sou. 792; Lindsley v. Phare, 115 Fla. 454, 155 Sou. 812; Whetstone v. Coslick, 117 Fla. 203, 157 Sou. 666; Newman v. Equitable Life Assurance Society, 119 Fla. 641, 160 Sou. 745.

Sec. 2802 R. G. S., 4488 C. G. L., provides as follows:

"In Counties Where Rendered.—Every judgment at (and decree in equity) which shall be entered in any of the Circuit Courts of this State shall create a lien and be binding upon the real estate of the defendant in the county where rendered."

Sec. 2803 R. G. S., 4489 C. G. L., is as follows:

"In Other Counties.—Such judgments and decrees shall create a lien upon the real estate of the defendant situated in any other county than the one in which the same shall have been rendered, when a certified transcript of said judgment or decree shall have been recorded in the county in which the real estate sought to be bound may be situated."

Those cases in which it has been held that the real estate owned by husband and wife as tenants by entireties is subject to levy under attachment or execution in actions upon notes executed by the husband and wife for consideration binding upon both and in which the wife had not been ad-

judicated a free dealer cannot have application in this State, because a wife not a free dealer cannot become bound jointly with her husband on a note.

Our conclusion is that the provisions of Section 2 of Article XI of the Constitution does not apply to judgments against a married woman recovered for antenuptial debts as in the case of McGill v. Cochran, 81 Fla. 463, 88 Sou. 268, or the judgments recovered against a married woman in tort actions.

In Anderson v. Trueman, *supra,* it was held that, "An estate by the entireties is not a part of the separate property of a married woman as referred to in Article XI of the Constitution and the married woman's property Acts of this State."

Such an estate is vested in husband and wife as one person. Logan Moore Lbr. Co. v. Legato, *supra.*

Neither spouse can sell, forfeit or encumber any part of the estate without consent of the other. Logan Moore Lbr. Co. v. Legato, *supra;* Bailey v. Smith, *supra;* Ohio Butterine Co. v. Hargrave, *supra;* Hart v. Atwood, 96 Fla. 667, 119 Sou. 116.

In the latter case we held, quoting with approval from Ohio Butterine Co., *et al.,* v. Hargrave, *supra:*

"The interest of a husband in an estate by entireties has been held to be a vested interest, and as such the subject of of a lien of a judgment against him, but the courts are not in harmony upon the question, and the better view appears to be that where under Married Woman's Acts the husband no longer has the right to the possession and control of the property of the wife, there is nothing which he can individually dispose of or encumber, or which can be sold on execution for his debts, and, therefore, there is nothing to which a lien may attach."

And in the Hargraves case we said:

"We are of the opinion that, from the peculiar nature of this estate, and from the legal relation of the parties, there must be unity of estate, unity of possession, unity of control, and unity in conveying or encumbering it; and ·it necessarily and logically results that it cannot be seized and sold upon execution for the separate debts of either the husband or the wife. The estate is placed beyond the exclusive control of either of the parties, or the reach of creditors, unless it can be successfully attacked and set aside for fraud. Any other rule would create injustice and hardship. If the husband can dispose of the estate during their joint lives, the wife is deprived of the enjoyment without her consent * * *. The property belongs as much to the wife as to the husband, and she has just as clear, undoubted and equitable a right to the use and enjoyment of the property during the existence of the marriage as she has to succeed to the estate upon the death of her husband * * *. The right of the wife to the joint enjoyment of the estate during the marriage is as valuable and sacred as the right of taking the entire estate by survivorship upon the death of her husband. The rights of the wife in the joint property are as sacred as those of her husband, and should be as firmly secured, guarded and protected by the law as are his. There is an equity in equality; but there is gross inequity and injustice in permitting the husband to deprive the wife of the use and enjoyment of an estate that does not belong exclusively to either, but to both, and which belongs as much to the wife as to the husband.

"We are aware that there are decisions of the courts that hold that the interests of the husband can be made subject to the lien of a judgment against the husband, but we think ours is the better view, especially where under married

woman's Acts, the husband had no longer the right to control or of possession of the wife's property.

"The interest of a husband in an estate by the entireties has been held to be a vested interest, and as such the subject of a lien of a judgment against him, but the courts are not in harmony upon the question and the better view appears to be that where under married woman's Acts the husband no longer has the right to the possession and control of the property of the wife, there is nothing which he can individually dispose of or encumber or which can be sold on execution for his debts, and, therefore, there is nothing to which a lien may attach. (15 R. C. L. 804.)

"We also held in that case that 'No judgment constitutes a lien upon property against which it cannot be enforced.'"

The bill of complaint shows the motor vehicle which caused the injury for which the judgment was rendered was owned by the husband and wife as tenants by the entireties.

The fact that the judgment defendants are husband and wife can be shown *aliunde*.

An entire judgment against a husband and wife is a lien against land held by them in the entireties. 6 Thompson on Real Property, Sec. 5116; Frey v. McGay, 127 Md. 23, 95 Atl. 900, L. R. A. 1916 D 113.

A judgment against both husband and wife is a general lien on the interest of both in property held by them as tenants by the entireties and the property may be sold under execution issued on the judgment. 30 C. J. 573; Ades v. Caplin, 132 Md. 66, 102 Atl. 94, L. R. A. 1918 D 276; Frey v. McGaw, *supra;* Sharp v. Baker, 51 Ind. App. 547, 96 N. E. 627, 99 N. E. 44; Sanford v. Bertram, 204 Mich. 244, 169 N. W. 880. See also Martin v. Lewis, 187 N. C. 473, 122 S. E. 180; 35 A. L. R. 144, note 155, Johnson v. Leavitt,

188 N. C. 682, 125 S. E. 490, 180 Ind. 470. See also 299 Fed. 939.

So we hold that the record is sufficient to support the levy of execution against defendants in execution on property held by such defendants as an estate by the entireties.

The orders appealed from should be affirmed.

So ordered.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.