**In re John LAUSCH d/b/a John J. Lausch Custom Built Homes, Debtor.**

**Morton KOSTO, Trustee, Appellant,**

**v.**

**John LAUSCH, Debtor and the United States of America, Appellees.**

**No. 81–143–Civ–Oc.**

United States District Court, M. D. Florida, Ocala Division.

Dec. 11, 1981.

Stephen D. Milbrath, Asst. U. S. Atty., Orlando, Fla., Thomas B. Porter, Dept. of Justice, Washington, D. C., for the U. S.

Richard W. Hennings, Tavares, Fla., for John Lausch.

Morton Kosto, Orlando, Fla., Trustee.

## OPINION

CHARLES R. SCOTT, Senior District Judge.

This matter is before the Court on appeal from an order entered by the United States Bankruptcy Court for the Middle District of Florida. On October 27, 1980, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code and an Order granting relief was entered on the same date. The debtor's wife did not file for relief.

The debtor claimed that his home was exempt under Florida Statutes, Chapter 222. The debtor's insurance was claimed exempt under Florida Statutes, Section 222.14. The debtor claimed that his interest in property held with his wife as tenants by the entirety was exempt under Section 522(b)(2)(B) of the Bankruptcy Code.

The trustee filed objections to the exemptions claimed by the debtor, contending that the provisions of Section 522(b)(1) and (b)(2)(A) of the Bankruptcy Code are unconstitutional. The trustee alternatively argued that the interest of the debtor in property held as tenants by the entirety was not exempt because there were common creditors of the debtor and his wife. The United States, pursuant to 28 U.S.C. § 2403(a), intervened for the purpose of responding to the trustee's constitutional challenge.

On June 15, 1981, the bankruptcy court entered an order overruling the trustee's objections to the exemptions claimed by the debtor. The bankruptcy court upheld the constitutionality of 11 U.S.C. 522(b)(1) and (b)(2)(A), and rejected the trustee's argument that the interest of the debtor in property held as tenants by the entirety was not exempt. The trustee filed a Notice of Appeal to this Court on June 25, 1981.

Under the Bankruptcy Act of 1898, as amended, (hereinafter 'Old Act'), bankruptcy exemptions were determined according to nonbankruptcy law which essentially meant that state law governed the exemptions available to the debtor. 11 U.S.C. § 24 (1976) (§ 6 of Bankruptcy Act of 1898, as amended). The Bankruptcy Reform Act of 1978 (hereinafter 'New Act') establishes a list of federal exemptions, 11 U.S.C. § 522(d) (1979), but provides that the states may reject the federal exemptions. 11 U.S.C. § 522(b)(1) (1979). The New Act further provides that the debtor may elect either the federal exemptions or the applicable state exemptions, unless the state has rejected the federal exemptions. 11 U.S.C. § 522(b) (1979). Thus, under the New Act if a state rejects the federal exemptions, then nonbankruptcy law governs the exemptions available to the debtor, as was the rule under the Old Act. Florida and a significant number of other states have rejected the federal exemptions. F.S. § 222.-20 (1977).

The trustee first argues that 11 U.S.C. § 522(b)(1) and (b)(2)(A) do not provide a uniform bankruptcy law and that, therefore, these provisions are violative of Article I, Section 8, Clause 4 of the Constitution (hereinafter 'Bankruptcy Clause'). The Bankruptcy Clause empowers Congress "[t]o establish ... uniform Laws on the subject of Bankruptcy throughout the United States." U.S.Const., Art. I, § 8, cl. 4.

The Supreme Court in *Hanover National Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902), held that Section 6 of the Old Act, which provided that exemptions would be governed by state law, did not violate the Bankruptcy Clause. The court further held that the Bankruptcy Clause only requires geographical uniformity, concluding that: "The general operation of the law is uniform although it may result in certain particulars differently in different states." *Id.* at 190, 22 S.Ct. at 861. Reaffirming its holding in *Hanover National Bank*, the Supreme Court in *Stellwagen v. Clum*, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1917), stated:

Notwithstanding this requirement as to uniformity, the Bankruptcy Acts of Congress may recognize the laws of the state in certain particulars, although such recognition may lead to different results in different states. For example, the Bankruptcy Act recognizes and enforces the laws of the state affecting dower, exemptions, the validity of mortgages, priorities of payment, and the like. Such recognition in the application of state laws does not affect the constitutionality of the Bankruptcy Act, although in these particulars the operation of the act is not alike in all states.

*Id.* at 613, 38 S.Ct. at 217.

The constitutionality of 11 U.S.C. § 522(b)(1) and (b)(2)(A) has been upheld in two recent cases. *In re Ragsdale,* No. 80–243–NN (E.D.Va. Apr. 19, 1981); *In re Sullivan,* 11 B.R. 432 (Bkrtcy., C.D.Ill.1981). In *In re Ragsdale, supra,* the court held that 11 U.S.C. § 522(b)(1) and (b)(2)(A) were not in violation of the Bankruptcy Clause, reasoning that:

The case law is clear that the Constitution's uniformity provision allows variation in the states' application of bankruptcy laws. [Citations omitted]. Appellant mistakenly contends that the uniformity requirement mandates the unyielding and identical application of the bankruptcy laws in all particulars. As long as the general operation of the law is uniform, it does not run afoul of the uniformity clause.

*Id.;* Accord, *In re Sullivan, supra.*

■ Both the New Act and the Old Act provide that a debtor may claim exemptions provided by state law. The only difference between the two Acts is that the New Act establishes a list of federal exemptions and provides that the debtor may elect federal exemptions in lieu of the state exemptions. However, even the applicability of the federal exemptions is essentially governed by state law since the states have the authority under the New Act to reject the federal exemptions. Consequently, the exemption provisions under the New Act provide for essentially the same degree and type of

uniformity as the corresponding provisions under the Old Act. Therefore, in light of the holding of the Supreme Court in *Hanover National Bank v. Moyses, supra,* it is clear that 11 U.S.C. § 522(b)(1) and (b)(2)(A) are not violative of Article I, Section 8, Cl. 4 of the Constitution.

■ The trustee further argues that Congress has preempted the field of bankruptcy law and that 11 U.S.C. § 522(b)(1) is an unconstitutional delegation of Congress' legislative power. The Supreme Court in *Sturges v. Crowninshield,* 17 U.S. (4 Wheat.) 119, 4 L.Ed. 529 (1819), clarified the legislative powers of the state and federal governments in the field of bankruptcy law:

[T]he power granted to Congress may be exercised or declined, as the wisdom of that body shall decide. If, in the opinion of Congress, uniform laws concerning bankruptcies ought not to be established, it does not follow that partial laws may not exist, or that state legislation on the subject must cease. It is not the mere existence of the power, but its exercise, which is incompatible with the exercise of the same power by the states. It is not the right to establish these uniform laws, but their actual establishment, which is inconsistent with the partial acts of the states.

*Id.* at 195–96. Thus, state laws concerning the field of bankruptcy are invalid under the Supremacy Clause only if they are inconsistent with federal bankruptcy statutes. *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

■ Congress' recognition of the states' concurrent power over bankruptcy exemptions is evidenced in Section 6 of the Old Act which provides that the act "shall not affect" state exemptions. 11 U.S.C. § 24 (1976). In considering whether Section 6 of the Old Act constituted an unconstitutional delegation of congressional legislative power, the Supreme Court in *Hanover National Bank v. Moyses, supra,* stated: "Nor can we perceive in the matter of exemptions, priority of payments, and the like, any attempt by Congress to unlawfully delegate its leg-

islative power." 186 U.S. at 190, 22 S.Ct. at 861. Courts which have considered arguments that 11 U.S.C. § 522(b)(1) constitutes an unconstitutional delegation of congressional law-making power, have acknowledged that state legislatures have concurrent legislative power to enact laws concerning bankruptcy and have upheld the constitutionality of the statute. *In re Ragsdale, supra; In re Sullivan, supra.*

Congress clearly did not intend to preempt the area of bankruptcy exemptions by enacting 11 U.S.C. § 522(b)(1), since it left the ultimate determination of available bankruptcy exemptions to the states. By providing a list of federal exemptions, Congress made a limited exercise of its bankruptcy power, leaving the states to exercise their concurrent power to determine the applicable bankruptcy exemptions. Therefore, 11 U.S.C. § 522(b)(1) is not an unconstitutional delegation of congressional legislative power but rather is merely a recognition of the concurrent legislative power of the state legislatures to enact laws governing bankruptcy exemptions.

■ The trustee's alternative argument is that the debtor's interest in property held with his wife as tenants by the entirety is includable in the estate because the debtor and his wife have common creditors. A debtor's estate in bankruptcy consists of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1) (1979). However, property which is not subject to seizure under state process, such as property held by the debtor and his wife as tenants by the entirety, is exempt from bankruptcy proceedings. 11 U.S.C. § 522(b)(2)(B) provides that . . . the debtor may claim as exempt:

> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

As a general rule property held as tenants by the entirety may not be encumbered without the joint action of both parties. *Balding v. Fleisher,* 279 So.2d 883 (Fla. 3d DCA 1973); *Anderson v. Carter,* 100 So.2d 831 (Fla. 2d DCA 1958). However, a common creditor of the husband and wife may reach property held by them as tenants by the entirety. *Stanley v. Powers,* 123 Fla. 359, 169 So. 843 (1936). Thus, a debtor's interest in property held with his wife as tenants by the entirety is includable in the debtor's estate where the debtor and his wife have a common creditor who has a judgment on the property. In the case at bar, the Bankruptcy Court found that:

> Claims filed in this case and the schedules do not show that there are any joint creditors, nor has the Trustee presented evidence that would enable the Court to find, by a preponderance of the evidence, that there are in fact joint creditors of the debtor and his spouse.

Therefore, since the debtor and his wife were not indebted to a common creditor, the interest of the debtor in property held by the debtor and his wife as tenants by the entirety is exempt.

Accordingly, the judgment of the bankruptcy court is AFFIRMED.