In the Matter of Robert Lee
KOEHLER, Debtor.

George T. HADLEY, Plaintiff,

v.

Robert Lee KOEHLER, Martha A.
Koehler, his wife, and John Doe
Koehler, his son, Defendants.

Bankruptcy No. 80–17.

United States Bankruptcy Court,
M. D. Florida,
Tampa Division.

April 1, 1982.

Jary C. Nixon, Tampa, Fla., for plaintiff.

Mitchell King, Tampa, Fla., for defendants.

### ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Bankruptcy Judge.

THIS CAUSE came on for hearing with notice to all parties of interest upon a Motion for Summary Judgment filed by George T. Hadley, the trustee, in the above-captioned Chapter 7 proceeding. The complaint filed in this matter seeks a turnover of certain personal property owned by the Debtor and his non-debtor wife as tenants by the entirety and claimed as exempt pursuant to § 522(b)(2)(B) of the Bankruptcy Code. The Trustee also seeks permission to sell the property under § 363(h) of the Code which authorizes the sale of jointly held

property for the benefit of the estate providing the conditions set forth in § 363(h)(1), (2), (3) and (4) are satisfied.

On September 18, 1980, this Court entered its order denying a Motion to Dismiss filed by the Defendants. See, *In re Koehler*, 6 B.R. 203 (Bkrtcy.M.D.Fla.1980). That decision held that property owned by the debtor and his non-debtor wife as tenants by the entirety are properties of the estate within the meaning of § 541 of the Code and that § 522(b)(2)(B) does not create an additional federal exemption for a debtor who has already exhausted the exemptions available under Florida law, but rather, merely recognizes an exemption from process of properties owned by a debtor and a non-debtor spouse as tenants by the entirety to the extent permitted by local law.

▇ Under Florida law, an individual spouse may not voluntarily or involuntarily alienate tenancy by the entirety properties without the consent of the other spouse. As a corollary to this proposition, it is clear that a creditor of only one spouse cannot look to that property to satisfy its claim. As Judge Jones once stated, "Estates by the entireties have been regarded with tender solicitude by the Florida Courts." *U. S. v. American National Bank of Jacksonville*, 255 F.2d 504 (5th Cir. 1958). Only joint creditors, i.e. those creditors with claims against both tenants, may reach the entireties property. *Stanley v. Powers*, 123 Fla. 359, 166 So. 843 (1936).

▇ Although the original complaint did not allege the existence of joint creditors, an amendment to the complaint now alleges that there are, in fact, joint creditors who could have levied on the property under consideration pursuant to applicable local law. Therefore, the trustee is entitled to liquidate the property under § 363(h) notwithstanding § 522(b)(2)(B) of the Code. cf. *In re Lausch*, 16 B.R. 162 (M.D.Fla.1981).

This Court is not unmindful that § 362(h) conditions the right to partition a property owned jointly by a debtor spouse with a non-debtor spouse as tenants by the entirety. Thus, the trustee may not sell jointly owned properties unless the conditions set forth in § 362(h) are met. There is no doubt that these conditions are justified and warranted in case the property involved is real estate. However, in the present instance the property sought to be sold by the trustee is personalty, thus, the problem relating to partition is obviously not present in a strict sense.

The properties are claimed to be exempt under the exemption laws of the State of Florida, Article X, § 4 of the Fla.Const. which permits a citizen of this State to exempt personal property, tangible or intangible, up to the value of $1,000. Applying this exemption to the present case, the Debtor spouse is entitled to claim an exemption even out of a jointly owned property if he so desires, but whether or not part of the property claimed is jointly owned or solely owned by the spouse, the value cannot exceed $1,000. The record reveals in this case that the Debtor already has exhausted the exemptions available to him. Thus, all of the properties involved in the present controversy are subject to liquidation by the trustee to the extent of the interest of the Debtor spouse. Accordingly, the trustee may either sell the whole or select items, either by agreement or otherwise, which represent the one-half interest of the debtor spouse.

In light of the foregoing, it is clear that there are no material issues of fact and that the trustee is entitled to judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DE-CREED that the Trustee's Motion for Summary Judgment be, and the same hereby is, granted in favor of the Trustee and against the Defendants and that the properties involved in this controversy are declared to be properties of the estate within the meaning of § 541 of the Code and subject to liquidation by the Trustee pursuant to § 363(h). It is further

ORDERED, ADJUDGED AND DE-CREED that in the event the question of which properties should be liquidated cannot be settled by agreement, the matter

shall be scheduled and set down for hearing and the question will be resolved by this Court.