In re Mattye M. KELLEY, Debtor.

Mattye M. KELLEY, Plaintiff,

v.

FIRST SECURITY NATIONAL BANK & TRUST COMPANY; Lionel Silberman, Trustee; and The State of Florida, Defendants.

Bankruptcy No. 81–572–Orl–BK–GP.
Adv. No. 81–432.

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

July 1, 1982.

Irving B. Gussow, Orlando, Fla., for plaintiff/debtor.

Raymond J. Rotella, Orlando, Fla., for First Sec. Nat. Bank & Trust Co.

Bruce Barkett, Tallahassee, Fla., for State of Fla.

Lionel H. Silberman, Orlando, Fla., for Trustee.

John C. Morland, Washington, D. C., for United States.

## MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

Plaintiff seeks to declare Florida Statute 222.20 unconstitutional. Plaintiff is a single person residing in the State of Florida who filed a voluntary petition under Chapter 7 of the Bankruptcy Code. The State of Florida, in accordance with 11 U.S.C. § 522(b), enacted Florida Statute 222.20, which precludes citizens of Florida from utilizing federal exemptions provided under the Bankruptcy Code. Florida residents who file bankruptcy may avail themselves only of those exemptions permitted by Article 10, § 4 of the Florida Constitution and Section 222 Florida Statutes. To qualify for these exemptions a debtor in bankruptcy must be the head of a family. Plaintiff contends that Florida Statute 222.20 denies her equal protection of the law, and is therefore unconstitutional, since it prohibits her from using exemptions which would be available to her under federal exemptions, but fails to provide her, a single person, with comparable exemptions under state law. In response to plaintiff's complaint, all defendants have filed motions to dismiss.

Title 11, U.S.C. § 522(b) provides that an individual debtor may exempt from property of the estate either

(1) property that is specified under subsection (d) of this section, unless the state law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize; or, in the alternative,

(2)(A) any property that is exempt under federal law, other than subsection (d) of this section, or State or local law . . . .

Simply stated, the Bankruptcy Code provides that federal exemptions are available to any debtor unless the state where the debtor resides has opted out of the federal exemptions. The State of Florida availed itself of the opt-out provision in Florida Statute 222.20.

The constitutionality of the opt-out provision has recently been approved by the United States District Court for the Middle District of Florida, Ocala Division, in *In re Lausch*, 16 B.R. 162 (D.C.1981) (affirming this Court 12 B.R. 55 Bkrtcy.). In *Lausch* a Chapter 7 Trustee argued that 11 U.S.C. § 522(b)(1) and (b)(2)(A) did not provide a uniform bankruptcy law, and that, therefore, the provisions violated Article I, Section 8, Clause 4 of the U. S. Constitution which empowers Congress "[t]o establish uniform laws on the subject of Bankruptcies throughout the United States." The District Court determined that the uniformity requirement of Article I, § 8, cl. 4 does not demand "the unyielding and identical application of the bankruptcy laws in all particulars. As long as the general operation of the law is uniform, it does not run afoul of the uniformity clause." *In re Ragsdale*, No. 80–243–NN (E.D.Va. April 19, 1981).

To arrive at its decision the District Court relied on *Stellwagon v. Clum*, 245 U.S. 605, 38 S.Ct. 215, 62 L.Ed. 507 (1917), a case decided by the U.S. Supreme Court under the 1898 Bankruptcy Act. In *Stellwagon* the Supreme Court held that irrespective of the constitutional requirement as to uniformity on Bankruptcy matters ". . . the Bankruptcy Acts of Congress may recognize the laws of the state in certain particulars, although such recognition may lead to different results in different states." *Id.* at 613, 38 S.Ct. at 217.

Since Title 11 gives to the states the right to determine what exemptions will be available to its residents, the decisive issue before this Court is whether or not the Florida exemptions accord plaintiff treatment so arbitrary and disparate that she is denied equal protection of the law.

The test for challenges under the Equal Protection Clause of the Constitution was set forth by the U.S. Supreme Court in *Reed v. Reed*, 404 U.S. 71, 92 S.Ct. 251, 30 L.Ed.2d 225 (1971) as follows:

In applying that clause, this Court has consistently recognized that the Fourteenth Amendment does not deny to states the power to treat different classes of persons in different ways. [Citations omitted] The Equal Protection Clause of that amendment does, however, deny to states the power to legislate that different treatment is accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute. A classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.' *Royster Guano Co. v. Virginia*, 235 U.S. 412, 415 [40 S.Ct. 560, 561, 64 L.Ed. 989] (1920).

404 U.S. at 75, 76, 92 S.Ct. at 253, 254.

The Florida exemptions are only available to the head of a family. Applying the *Reed* test to the matter before this Court, the Court must decide if the class designated the heads of families bears a fair and substantial relation to the objective of the law.

The Florida Homestead Law is based on public policy considerations. The purpose of the law is "to promote the stability and welfare of the state by encouraging property ownership and independence on the part of the citizen, and by preserving a home where the family may be sheltered and live

 

beyond the reach of economic misfortune." 29 Fla.Jur.2d Homesteads § 3. Essentially, the homestead law seeks to safeguard the family from absolute destitution which could occur if the family home were sold to satisfy the debts of the owner and head of the family. *In re Adelberger*, 280 f. 405 (1921), *Orange Brevard Plumbing and Heating Co. v. La Croix*, 137 So.2d 201 (Fla.1962). The designation of the heads of families as the class which may avail itself of the homestead exemptions goes directly to the very objective of the law, and cannot be said to be unreasonable or arbitrary.

Recent challenges to similar exemption laws have occurred in two cases: *Cheeseman v. Nachman*, 656 F.2d 60, 4 C.B.C.2d 1218 (4th Cir. 1981), and *Rhodes v. Stewart*, 14 B.R. 629, 5 C.B.C.2d 320 (Bkrtcy.1981). In *Cheeseman*, the Circuit Court of Appeals, 4th Circuit, determined that a lower court incorrectly construed Virginia homestead law when it permitted an exemption to only one of the joint debtors in a case before it. In *Rhodes*, the Bankruptcy Court for the Middle District of Tennessee found that Tennessee's exemption laws were in conflict with the federal exemptions because Tennessee's exemptions created an arbitrary and discriminatory distinction between homeowners and non-homeowners which obstructed the fresh start intended for all debtors. Both of these cases are factually distinguishable from the matter before this Court. Plaintiff is not seeking exemptions due a joint debtor as in *Cheeseman*; nor is she asserting that the Florida exemption laws are based on a rather specious distinction as in *Rhodes*. Rather, plaintiff contends that Florida Statute 222.20, the opt-out provision, is unconstitutional since the State of Florida has provided exemptions for heads of families, but has provided no alternative method of exemptions for single individuals.

Invariably, Courts, especially at the trial level, are reluctant to rule that a statute is unconstitutional, and will do so only where the invalidity of the statute is apparent. Suffice it to say that there is a presumption of constitutionality once a law has been duly enacted by the legislative branch. Plaintiff has not overcome this presumption as to the constitutionality of Florida Statute 222.20.

For all of the above reasons, plaintiff's complaint is dismissed with prejudice.