**In Re Carl P. HOVATTER, Debtor.**

**In Re Nancy I. HOFFMAN, Debtor.**

**Bankruptcy Nos. 81–279, 81–462.**

United States Bankruptcy Court,
D. Delaware.

Nov. 9, 1982.

Alesia Ranney-Marinelli, Wilmington, Del., trustee/Hovatter.

Henry Heiman, Wilmington, Del., for debtor/Hoffman.

Benjamin F. Shaw, III, Georgetown, Del., for debtor/Hovatter; trustee/Hoffman.

Richard H. May, Wilmington, Del., for Peoples Bank and Trust Company/Hoffman.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

Objections were filed to the debtor's claim of exemptions in each of these cases. The debtors, Carl P. Hovatter and Nancy I. Hoffman, own property as tenants by the entireties with their respective spouses who did not seek relief under the bankruptcy law. Included among the debts listed in their petitions are joint obligations with their spouses. Each claimed the full value of all entireties property as exempt under 11 U.S.C. § 522(b)(2)(B) which provides that:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ...
>
> \* \* \* \* \* \*
>
> any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety ... to the extent that such interest as a tenant by the entirety ... is exempt from process under applicable nonbankruptcy law.

The issues raised by the objections were addressed by the Third Circuit Court of Appeals in *Napotnik v. Equibank,* 679 F.2d 316 (1982). There, the husband/debtor had claimed the full value of entireties property as exempt and sought to avoid Equibank's judgment lien under § 522(f). The bankruptcy judge held that Equibank's lien could not be avoided because Napotnik could exempt only his ownership equity in the property above the liens of creditors of both debtor and his wife. By agreement, this decision was appealed directly to the Circuit Court of Appeals.

The Court first analyzed § 522(b) of the Code. It concluded that subsection 2(B) was written to allow the debtor to exempt an interest in entireties property that could not be reached by creditors. Since the extent of that exempt interest is controlled by applicable non-bankruptcy law, the Court looked to the Pennsylvania law of tenancy by the entireties. After discussing the nature of a tenancy by the entireties and the rights of creditors holding joint debts, the Court concluded that because his interest in the real property owned with his wife is not exempt from process because they are joint obligors, he is not entitled to exempt that portion of his equity subject to Equibank's judicial lien and cannot avoid that lien.

■ Under Delaware law, like Pennsylvania law, entireties property is subject to attachment and execution process by joint creditors of a husband and wife. The prop-

erty is immune only from the claim of the creditor of one of the tenants. Since the petitions in both of the present cases list joint obligations of the debtor and spouse, the holding of *Napotnik* that the full value of their entireties property is not exempt controls.

The fact that the *Napotnik* case involved a joint lien creditor rather than a mere joint creditor does not limit the holding. The purpose of § 522(b)(2)(B) is to give debtors the benefit of any immunity from execution process they have under state law.

Consequently, debtors may claim as exempt under § 522(b)(2)(B) only that interest in entireties property which exceeds the amount of joint obligations of the debtor and non-debtor spouse.