**In re Leonard Donald TRAURIG, Debtor.**

**A. Jay CRISTOL, as Trustee, Plaintiff,**

v.

**Leonard Donald TRAURIG and Claudette Traurig, Defendants.**

**Bankruptcy No. 83–00862–BKC–SMW. Adv. No. 83–0784–BKC–SMW–A.**

United States Bankruptcy Court, S.D. Florida.

Nov. 8, 1983.

Louis Phillips, Miami, Fla., for debtor/defendant.

Brian K. Goodkind, Miami, Fla., for defendant Claudette Traurig.

Lonnie Colan, Miami, Fla., for plaintiff.

ORDER DISMISSING COMPLAINT
WITH PREJUDICE

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE came before the Court on the motions to dismiss of the Debtor,

LEONARD DONALD TRAURIG, and his nondebtor spouse, CLAUDETTE TRAURIG. The motions to dismiss were filed in response to an adversary proceeding initiated by the Trustee in which he objects to the Section 522(b)(2)(B) estate by the entireties exemption claimed by the Debtor on real property encumbered by a mortgage in favor of a joint creditor of the Debtor and his spouse. In addition, the Trustee seeks to have the realty sold pursuant to Section 363(h) and the proceeds evenly divided with the spouse.

The Court, having heard argument of counsel, reviewed the pleadings, and being otherwise fully advised in the premises, finds as follows:

## CONCLUSIONS OF LAW

■ 1. The Trustee's objections to the Section 522(b)(2)(B) estate by the entireties exemption claimed by the Debtor are not timely and, therefore, the complaint must be dismissed. Pursuant to this Court's order of June 3, 1983, the meeting of the creditors was held on June 13, 1983. The order further provided that absent an extension of time from the Court, objections to claims of exempt property must be filed within 30 days from the date of the creditors meeting. Notwithstanding this order, the Trustee failed to obtain an extension and did not file the instant adversary proceeding until September 23, 1983.

The Trustee argues that his objections are timely nevertheless, because this Court granted an extension of time to file objections to a creditor in this cause. The Court finds, however, that an extension of time granted to a creditor does not generally inure to the benefit of the Trustee. Accordingly, the instant adversary proceeding is untimely under Rule 4003(b) of the Bankruptcy Rules. .

2. In the alternative, even if the instant adversary proceeding is timely, the complaint must be dismissed for failure to state a claim upon which relief can be granted. It is the Trustee's position that the mere existence of a joint creditor of the Debtor and nondebtor spouse subjects the entireties property to process under state law and, therefore, avoids the Section 522(b)(2)(B) exemption.

■ When faced with this argument, the overwhelming majority of courts considering the issue have held that the entireties exemption is not lost simply because a joint creditor used a portion of the entireties property to satisfy its debt or because the joint creditor is permitted to do so under applicable nonbankruptcy law. *Napotnik v. Equibank and Parkvale Savings & Loan,* 679 F.2d 316 (3d Cir.1982); *In re Hovatter,* 25 B.R. 123 (Bkrtcy.D.Del.1982); *In re Cipa,* 11 B.R. 968 (Bkrtcy.W.D.Pa.1981); *Ray v. Dawson,* 10 B.R. 680 (Bkrtcy.E.D.Tenn. 1981), *aff'd* 14 B.R. 822 (D.C.E.D.Tenn. 1981); *In re Ford,* 3 B.R. 559 (Bkrtcy.D.Md. 1980) *aff'd* 638 F.2d 14 (4th Cir.1980). Rather, the joint creditor may seek relief from the automatic stay and pursue its rights in the appropriate forum. *In re Trickett,* 14 B.R. 85 (Bkrtcy.W.D.Mich. 1981); *In re Ford, supra.* Any equity remaining after the joint creditor satisfies its debt continues to be entireties property and exempt under Section 522(b)(2)(B). *Napotnik v. Equibank and Parkvale Savings & Loan, supra; In re Hovatter, supra; In re Cipa, supra; Dawson v. Ray, supra.*

To the extent that *In re Koehler,* 19 B.R. 308 (Bkrtcy.M.D.Fla.1982) and *In re Lausch,* 16 B.R. 162 (D.C.M.D.Fla.1981), are in conflict with the above cited authorities, this Court respectfully disagrees and is compelled to follow the majority rule.

Accordingly, it is therefore

ORDERED and ADJUDGED that the motions to dismiss of the Debtor, LEONARD DONALD TRAURIG, and Defendant, CLAUDETTE TRAURIG, be and the same are hereby granted and the Trustee's complaint in this adversary proceeding is dismissed, with prejudice.