**In re Henry BLUM and Rashel Blum, Debtors.**

**Bankruptcy No. 83–02097–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

May 25, 1984.

A.J. Cristol, Miami, Fla., trustee for trustee.

Harold D. Moorefield, Miami, Fla., for debtors.

M. Therese Vento, Miami, Fla., for creditor, U.S. Gypsum Co.

## ORDER ON OBJECTIONS TO EXEMPTIONS

SIDNEY M. WEAVER, Bankruptcy Judge.

This matter came before the Court to consider objections raised to the Debtor's claimed exemptions. The Court heard the argument of counsel for the parties and has concluded that there are no issues of material fact to be determined and that the claimed exemptions and objections can be decided purely as matters of law.

The trustee of these Debtors' estate and a creditor timely filed objections to the claimed exemptions for cash on hand, deposits, household goods, books, jewelry, and automobiles as exceeding the $1,000 exemption permitted by Florida law to the head of a household. (The Debtors subsequently amended their Schedules to drop their claim of exemption for automobiles.). Subsequently, the trustee filed amended objections to add objections to other items claimed as exempt, and these objections were filed after the time permitted by Bankruptcy Rule 4003(b).

■ The Debtors have argued that the objections to claimed exemptions which were first presented by the amended objections should be overruled as untimely and that the amendments should not relate back to the original, timely filing date. *See* Federal Rule of Civil Procedure 15(c). The Court agrees, since the original objections clearly were directed only to the claimed exemptions for specific property then totalling in value $17,460.53, and the amended objections did not merely raise new legal grounds to support the original objections.

■ Pursuant to 11 U.S.C. § 522($l$), a debtor is required to file a list of property which he claims as exempt and, unless a party in interest objects, the property claimed as exempt is exempt. Bankruptcy Rule 4003 provides the procedural framework for filing claimed exemptions and objections, and part (b) of that rule specifies that objections to exemptions must be filed within 30 days of the meeting of creditors unless, within the 30-day period, further time is granted. Here, there was no request for further time within the 30-day period and, in fact, no such request was ever made. But if the amended objections are treated as being a request for further time, the result is the same. Bankruptcy Rule 9006(b)(3) states that an enlargement of time for action under Rule 4003(b) may be done only as provided in Rule 4003(b), which clearly indicates that the Court cannot grant further time unless such a request is made within the 30-day period following the meeting of creditors. *See In re Figueroa*, 33 B.R. 298 (Bkrtcy. S.D.N.Y. 1983) which, in applying Rule 9006(b)(3) to a late request for further time under Rule 4007, concluded that the courts do not have the power to enlarge the time unless the request for further time is made prior to the expiration date. Accordingly, the amended objections were untimely. And since the objections set forth in the amended objections relate to different property

claimed as exempt than that referred to in the original objections, the amended objections do not relate back to the original filing date. *See generally* 6 Wright & Miller, *Federal Practice & Procedure*, § 1497. Thus, the Court concludes that the objections set forth in the trustee's amended objections must be overruled.

■ The timely objections relate to personal property totalling $5,960.53 in value of which a portion are claimed exempt as being proceeds of wages of the head of a household and, alternatively, all of which are claimed exempt as property held as tenants by the entireties. (At least $1,000 in value is admittedly exempt as personal property owned by the head of a family pursuant to Article X, § 4, of the Florida Constitution.). The asserted statutory basis for the claimed exemption as proceeds of the wages of the head of a household is § 222.11, *Florida Statutes.* That statute clearly protects wages due the head of a household from garnishment or attachment. However, Florida appellate courts have held that the statute does not protect the proceeds of the wages, only the wages themselves. *See, e.g., Ellis Sarasota Bank & Trust Co. v. Nevins,* 409 So.2d 178 (Fla 2d D.C.A.1982). Accordingly, since Florida law governs this issue, § 222.11, *Florida Statutes,* does not provide a legal basis for the claim of exemption as proceeds of wages due the head of a household.

The other legal basis upon which the Debtors rely to support the claimed exemption is that the personal property in question is held by them as tenants by the entireties and that each of them is entitled to assert separate claims for exemptions. See 11 U.S.C. § 522(b)(2)(B) and (m). The Debtors argue that one spouse's interest in entireties property is exempt by virtue of § 522(b)(2)(B), that each spouse is entitled to claim his own exemptions separately, and thus that the entireties property is exempt.

■ Section 522(b)(2)(B) provides exempt status for an interest in property held as a tenant by the entirety or joint tenant to the extent that the interest is not subject to process under applicable nonbankruptcy law. Under Florida law, when property is held as a tenancy by the entireties, it cannot be reached by a creditor to satisfy the individual debt of one spouse. *See, e.g., Hunt v. Covington,* 145 Fla. 706, 200 So.76 (1941). However, if the husband and wife are jointly obligated, then the joint creditor may reach the entireties property. *Stanley v. Powers,* 123 Fla. 359, 166 So. 843 (1936).

The situation frequently dealt with by bankruptcy courts is whether, or to what extent, an interest in entireties property is exempt when only one spouse is in bankruptcy. In that situation, the debtor's interest is held to be exempt. *E.g., Greenblatt v. Ford (In re Ford),* 638 F.2d 14 (4th Cir.1981). However, if there are joint creditors, then the majority rule is that the equity in the property after the satisfaction of the joint creditor is exempt. *See Napotnik v. Equibank and Parkvale Savings Ass'n.,* 679 F.2d 316 (2d Cir.1982); *In re Traurig,* 34 B.R. 325 (Bkrtcy.S.D.Fla.1983). *Contra, In re Koehler,* 19 B.R. 308 (Bkrtcy.M.D.Fla.1982).

■ This, however, is not the above situation. Here, both spouses are in bankruptcy by virtue of a joint petition filed pursuant to 11 U.S.C. § 302. Under 11 U.S.C. § 544(a)(1), the trustee of each spouse has the status of a judicial lien creditor which then would place the trustee in the status of being a joint lien creditor of these Debtors. Although authority under the Bankruptcy Code does not clearly establish this conclusion, case law under the Bankruptcy Act reached the same result.

Under the Bankruptcy Act, a bankrupt's interest in entireties property ordinarily did not vest in the bankruptcy trustee because it was not property which could have been levied upon. § 70(a)(5), Bankruptcy Act. *See generally* 4A *Collier on Bankruptcy* ¶ 70.17 (14th ed. rev. 1978). However, if both spouses were in bankruptcy and the cases were consolidated, it was generally held that title to the entireties property passed to the bankruptcy trustee. *See* 4A *Collier on Bankruptcy* ¶ 70.17 at fn. 40

(14th ed. rev. 1978). *See also Reid v. Richardson,* 304 F.2d 351 (4th Cir.1962). In *Reid,* a husband filed a petition and listed as an asset an interest in entireties property, title of which did not pass to the trustee. After his discharge was granted and the case closed, the wife filed and listed as an asset an interest in the same entireties property, title to which also would not have gone to the trustee, with the result that the bankrupts would have been able to keep the entireties property. Instead, the husband's bankruptcy case was re-opened and was consolidated with the wife's case, with the result that title to the entireties property became vested in the trustee.

It seems to this Court that husband and wife debtors should not be permitted to retain non-homestead entireties property when, as here, there are large joint obligations of the debtors. If the result in *Reid* was correct under the Bankruptcy Act, then *a fortiori* the result should be the same in a joint case under the Bankruptcy Code. Accordingly, this Court holds that 11 U.S.C. § 522(b)(2)(B) does not exempt non-homestead entireties property in a joint case, at least where there are joint obligations of the debtors exceeding the value of the non-homestead entireties property. (This Court does not have to decide whether the trustee's status under 11 U.S.C. § 544(a)(1) as a judicial lien creditor would result in the exemption being lost if there were not joint obligations.).

It is hereby

ORDERED that the Debtors shall deliver the property described in Schedule B–4 as cash on hand, deposits, household goods, books, and jewelry, less so much of that property equal in value to $1,000, to the trustee or pay to the trustee the sum of $4,960.53.