**In re Bernard K. BOOKMAN, Debtor.**

**Bankruptcy No. 85–01054–BKC–AJC.**

United States Bankruptcy Court,
S.D. Florida.

Jan. 17, 1986.

Jack F. Weins, Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, Fla., for Trustee.

Marika Tolz, Hollywood, Fla., Trustee.

Lester G. Kates, Miami, Fla., for debtor.

## ORDER SUSTAINING TRUSTEE'S OBJECTION TO CLAIMED EXEMPTIONS

A. JAY CRISTOL, Bankruptcy Judge.

This cause came on for hearing on November 18, 1985 before this court on trustee's objection to claimed exemptions.

The trustee submits that the exemptions claimed by debtor exceed the exemptions allowed under Article X, Section 4, Florida Constitution and Chapter 222, Florida Statutes. Debtor contends that the scheduled items are exempt as property held as part of tenancy by the entireties.

At dispute are items of property listed by debtor in Schedule B–4. These items, claimed exempt as part of tenancy by the entireties and their scheduled values, are as follows:

| | | |
|---|---|---|
| Trans Florida Bank and utility deposits | — | $ 200.00 |
| Furniture, furniture and goods located at residence | — | $3,000.00 |
| 1980 Audi automobile, subject to lien | — | $5,000.00 |

The court has found on November 18, 1985 that the debtor along with wife were jointly indebted to Pan American Bank, N.A. in connection with an unsecured promissory note having an unpaid principal balance of $624.22. And coincident with this finding, the court has ordered the debtor to amend his Schedule A–3 to reflect that debt and that the value of the entireties property in question is $3,445.00.

There is no question that Pan American Bank, as a joint creditor, could have levied on the property held by the entireties by the debtor and his non-debtor spouse. *Stanley v. Powers*, 123 Fla. 359, 166 So. 843 (1936). The court further determines that the trustee is entitled to liquidate the property at issue under § 363(h) notwithstanding § 522(b)(2)(B) of the Code. *In re Lausch*, 16 B.R. 162 (Bankr.M.D.Fla.1981), *Matter of Koehler*, 19 B.R. 308 (Bankr.M.D.Fla.1982).

Accordingly, it is

ORDERED that the trustee's objection to claimed exemptions by the debtor is sustained. The properties involved in this controversy are declared to be properties of the estate within the meaning of § 541 of the Code and subject to liquidation by the trustee pursuant to § 363(h).