**In re Thomas Lee FRYE and Linda Little Frye, Debtors.**

**In re Billy Bob HIBDON and Minnie D. Hibdon, Debtors.**

**In re Douglas Eugene MOYER and Sherrie Lonna Moyer, Debtors.**

**In re A. Wayne MARSHALL and Pamela A. Marshall, Debtors.**

**Bankruptcy Nos. 383–00276, 383–00716, 383–00881 and 383–00932.**

United States Bankruptcy Court, M.D. Tennessee.

Oct. 4, 1983.

James V. Mondelli, Nashville, Tenn., for Marshalls.

Peter V. Hall, Murfreesboro, Tenn., for Hibdons.

T. Larry Edmondson, Nashville, Tenn., trustee for Marshalls and Hibdons.

C. Kinian Cosner, Jr., Nashville, Tenn., for Fryes.

Robert E. Corlew, Murfreesboro, Tenn., for Moyers.

Margaret L. Behm, Nashville, Tenn., trustee for Fryes and Moyers.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The issue presented is the effect of *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983), on debtors in this district with pending cases in which timely objections have been made to the election of federal exemptions. After consideration of the briefs and arguments and applicable authority, the court finds that the objections to the use of federal exemptions in these consolidated cases should be sustained.

The following constitute findings of fact and conclusions of law as required by Rule 7052 of the Bankruptcy Rules.

Thomas Lee and Linda Little Frye filed a voluntary Chapter 7 petition on January 31, 1983 and elected the federal exemptions pursuant to 11 U.S.C.A. § 522(d) (West 1979). A meeting of creditors was held

April 11, 1983. The trustee objected to the debtors' choice of the federal exemptions on April 26, 1983.

Billy Bob and Minnie Hibdon petitioned under Chapter 7 on April 7, 1983 and elected the federal exemptions. A meeting of creditors was held April 25, 1983 and the trustee objected to the debtors' use of federal exemptions on April 27, 1983.

Douglas Eugene and Sherrie Lonna Moyer filed a voluntary petition under Chapter 7 and elected the federal exemptions on April 5, 1983. A meeting of creditors was held May 9, 1983 and the trustee objected to the debtors' use of federal exemptions on May 18, 1983.

Wayne and Pamela Marshall filed under Chapter 7 on April 11, 1983. The debtors exempted $1,300 in personal property pursuant to the federal exemptions. On May 6, 1983 the debtors amended their schedules to also exempt $1,100 of garnished wages. The debtors' meeting of creditors was held

May 16, 1983. On May 26, 1983 the trustee objected to the debtors' use of federal exemptions.

On April 11, 1983 the United States Court of Appeals for the Sixth Circuit filed its decision in *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir.1983) (*"Rhodes II"*) holding that the Tennessee legislature had successfully "opted-out" of the federal exemptions in 1980 and reversing the contrary decision of this court in *Rhodes v. Stewart,* 14 B.R. 629 (Bkrtcy.M.D.Tenn.1981) (*"Rhodes I"*).[1] The decision in *Rhodes I* was never stayed by this court or by the court of appeals.

These consolidated cases were filed on or before the day the Sixth Circuit denied *Rhodes II* and timely objections have been filed in each case to the use of the federal exemptions. The objecting trustees contend that *Rhodes II* forbids a Tennessee debtor from claiming federal exemptions where timely objection has been made and preserved, though the debtor may have

---

**1.** 11 U.S.C.A. § 522(b) (West 1979) provides in relevant part that:

> (b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—
> (1) property that is specified under subsection (d) of this section, *unless the State law that is applicable to the debtor under paragraph (2)(A) of this subsection specifically does not so authorize.* (emphasis added).

In 1980, the Tennessee legislature amended the Tennessee exemption statute to include the following section disallowing the use of the federal exemptions:

> EXEMPTIONS FOR THE PURPOSE OF BANKRUPTCY. The personal property exemptions as provided for in this part, and the other exemptions as provided in other sections of the Tennessee Code Annotated for the citizens of Tennessee, are hereby declared adequate and the citizens of Tennessee, pursuant to Section 522(b)(1), Public Law 95–598 known as the Bankruptcy Reform Act of 1978, Title 11 U.S.C., section 522(b)(1), are not authorized to claim as exempt the property described in the Bankruptcy Reform Act of 1978, Title 11, U.S.C. 522(d).

Tenn.Code Ann. § 26–2–112 (1980). Application of the Tennessee "opt-out" statute, however, was shortlived. This court held in *Rhodes v. Stewart,* 14 B.R. 629 (Bkrtcy.M.D.Tenn. 1981) (*"Rhodes I"*) that:

> The court cannot perceive of a way to construe the Tennessee exemption statutes so as to avoid the conflict with this federal stan-

dard as the Fourth Circuit was able to do with the Virginia exemption statutes. Accordingly, the court is of the opinion that in enacting § 26–2–112 of the Tennessee Code the General Assembly exceeded whatever authority may have been granted it in 11 U.S.C. § 522(b)(1) since the scheme of exemptions provided the citizens of this state by §§ 26–2–101, *et seq.,* conflicts with the standards established by 11 U.S.C. § 522. Section 26–2–112 of the Tennessee Code is invalid. *Residents of this state continue to have the option of exempting property from their bankruptcy estates pursuant to 11 U.S.C. § 522(d).* (emphasis added).

*Id.* at 634–635. *Rhodes I* was appealed by agreement to the United States Court of Appeals for the Sixth Circuit which reversed and noted that:

> When the bankruptcy court in the case at bar adjudged that Tennessee could not promulgate a homestead exemption less beneficial to debtors than that of its federal counterpart, said court effectively reduced § 522(b)(1) to an exercise in legislative futility. As T.C.A. § 26–2–112 is constitutional as challenged, the judgment of the bankruptcy court is REVERSED and this action is REMANDED for further proceedings consistent with this opinion.

*Rhodes v. Stewart,* 705 F.2d 159, 164 (6th Cir. 1983) (*"Rhodes II"*).

filed during the appeal of *Rhodes I.* The debtors argue that they should be allowed to utilize the federal exemptions because *Rhodes I* was the law in this district when their petitions were filed and application of *Rhodes II* to their cases would cause prejudice.

■ Application of a judicial decision that overrules prior precedent to cases pending when the decision is rendered is a matter to be determined by the courts on a case-by-case basis. No universal rule is mandated by constitutional analysis. The United States Supreme Court has developed guidelines for evaluating when an overruling decision may be applied to pending cases: (1) whether the announced decision is one of first impression and not foreshadowed by other case law; (2) whether application would further or retard the development of the new rule; and (3) whether application of the decision would result in substantial inequity or hardship. *Chevron Oil Co. v. Huson,* 404 U.S. 97, 106–107, 92 S.Ct. 349, 355–356, 30 L.Ed.2d 296 (1971).

## I. UNFORESEEABLE DEVELOPMENT

■ Overruling decisions will not be applied to pending cases where the new decision was unforeseeable and a vested reliance was established in the contrary rule of law. Although *Rhodes II* was an appellate decision of first impression in this circuit, the debtors' asserted reliance on *Rhodes I* is not reasonable. Reasonable reliance may develop where a decision or series of decisions identifies a rule of law that has withstood the tests of time, appeal, or both. *Rhodes I* had been tested in neither respect. The debtors were aware (or should have been aware) that *Rhodes I* was on appeal and was subject to reversal or modification at any time. Many other states had enact-

ed "opt-out" legislation[2] and several decisions from other courts had sustained such enactments, contrary to the outcome of *Rhodes I.*[3] Reversal of *Rhodes I* was not unforeseeable. Justifiable reliance is not spawned from the announcement of a single recent decision which is still on direct appeal.

## II. DEVELOPMENT OF NEW RULE

■ Overruling decisions will not be applied to pending cases if the new rule will not be advanced by such application. Application of *Rhodes II* to pending cases appears to further the underlying principle of *Rhodes II* that the Tennessee legislature effectively defined the exemptions available to Tennessee debtors when it opted-out of the federal exemption scheme in 1980. By enacting § 522(b)(1), Congress invited states to enact exemptions tailored to the "needs" of their respective citizens. The Tennessee legislature adopted a specific schedule of exemptions and declared those exemptions adequate to satisfy the needs of Tennessee residents. By applying *Rhodes II* to pending, as well as future, cases these debtors will receive the exemptions intended by the Tennessee legislature.

## III. SUBSTANTIAL HARDSHIP

■ Overruling decisions will not be applied to pending cases if such application will create a substantial hardship. The Supreme Court has recognized that "hardship" sufficient to preclude the application of an overruling decision to pending cases does not normally occur where final action has not been taken:

> Significant hardships would be imposed on cities, bondholders and others connected with municipal utilities if our decision

**2.** The following states have enacted legislation prohibiting their respective citizens from electing the federal exemptions contained in § 522(d): Alabama, Alaska, Arizona, Arkansas, California, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Missouri, Montana, Nebraska, Nevada, New Hampshire, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, South Caro-

lina, South Dakota, Tennessee, Utah, Virginia, West Virginia, and Wyoming.

**3.** *See, e.g., McManus v. Avco Financial Services,* 681 F.2d 353, 356 (5th Cir.1982); *In re Sullivan,* 680 F.2d 1131, 1137 (7th Cir.1982); *Kosto v. Lausch,* 16 B.R. 162, 165 (D.M.D.Fla. 1981); *Centran Bank v. Ambrose,* 4 B.R. 395 (Bkrtcy.N.D.Ohio 1980).

today were given full retroactive effect ... Therefore, we will apply our decision in this case ... only, where, under state law, the time for challenging the election result has not expired, or in cases brought within the time specified by state law for challenging the election and which are not yet final.

*Cipriano v. City of Houma,* 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969). In each of the cases before the court, the trustee filed a timely objection to the exemption election and, therefore, the debtors' exemption election was never finalized. This court will apply *Rhodes II* to all cases in which timely objections have been raised.[4]

Accordingly, the trustees' objections to the debtors' use of federal exemptions are sustained, and the debtors shall have thirty (30) days in which to file amended exemption schedules consistent with the decision in *Rhodes II.*

Appropriate orders will be entered.

---

4. Although the court has reservations whether *Rhodes II* can be applied to cases in which objections have not been timely filed and still satisfy the guidelines announced in *Chevron Oil Co. v. Huson,* that issue is not before the court and is neither addressed nor decided.