**In re Roger Dale MATHENEY and Helen Matheney, Debtors.**

**In re Clarence WARREN and Lois Jan Warren, Debtors.**

**In re William RHODES and Nancy Rhodes, Debtors.**

**In re Jean SMITHSON, Debtor.**

**In re Ray POWELL and Earlene Powell, Debtors.**

**In re William H. ADKINS, Debtor.**

**In re Michael BLACKWELL and Carolyn Blackwell, Debtors.**

**In re Elvis KEETON, Debtor.**

Bankruptcy Nos. 183–00502, 183–00377, 183–00343, 183–00337, 183–00270, 183–00164, 183–00093 and 183–00071.

United States Bankruptcy Court, M.D. Tennessee.

Nov. 16, 1983.

Jane B. Forbes, Franklin, Tenn., Trustee.

Robert L. Holloway, Jr., Gene Hallworth, L. Bruce Peden, Columbia, Tenn., Steve Norris, Linda Knight, B. Gail Reese, Nashville, Tenn., for debtors.

## MEMORANDUM

GEORGE C. PAINE, II, Bankruptcy Judge.

This matter is before the court on the trustee's objection to the debtors' claim of federal exemptions in the above-styled cases. Upon consideration of the evidence presented at the hearing, stipulations, exhibits, briefs of the parties and the entire record, this court concludes that the trustee's objection should be sustained.

The following shall represent findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

The 1978 Bankruptcy Reform Act permits debtors to exempt property under either § 522(d) of the Act or applicable state law unless a state expressly prohibits its citizens from electing the so-called federal exemptions. 11 U.S.C.A. § 522(b) (West 1979). In 1980, the Tennessee legislature enacted Tenn.Code Ann. § 26–2–112 (1980) to preclude the citizens of Tennessee from selecting the federal exemptions. This court subsequently held this "opt-out" statute invalid in *Rhodes v. Stewart,* 14 B.R. 629, 634–635 (Bkrtcy.M.D.Tenn.1981), but this decision was recently reversed by the United States Court of Appeals for the Sixth Circuit in *Rhodes v. Stewart,* 705 F.2d 159 (6th Cir. 1983).

All the debtors in these cases elected the federal scheme of exemptions pursuant to this court's *Rhodes* opinion. The trustee timely objected to these debtors' exemptions when this court's decision was reversed by the Sixth Circuit.

. The issue presented has been addressed and resolved by Judge Keith M. Lundin of this court in the opinion of *In re Frye,* 33 B.R. 653 (Bkrtcy.M.D.Tenn.1983). In *Frye,* Judge Lundin held that the Sixth Circuit's *Rhodes* decision would apply to all pending bankruptcy cases in which timely objections were raised. *In re Frye,* at 657. This court is convinced that the analysis and conclusion of *Frye* is correct and therefore will enter an order sustaining the trustee's objection.

IT IS, THEREFORE, SO ORDERED.